June 1, 1967.

M. P. No. 129. IN THE MATTER OF ROBERT J. CONLEY. On October 7, 1966, the respondent, a member of the bar of this state since 1929, appeared in the United States District Court for the district of Rhode Island and pleaded guilty to one count and not guilty to the other four counts of a criminal information charging him with wilfully and knowingly failing to make income tax returns for the calendar years 1960 to 1964 inclusive. He was sentenced on his plea of guilty to imprisonment for a term of one year and to pay a fine of $5,000. The remaining four counts were dismissed on motion of the United States District Attorney. The respondent has paid the fine and is now at liberty after having served approximately four and one half months in a federal penitentiary. His parole will expire on October 6, 1967.

The show cause order was issued in this case on our own motion, rather than upon a recommendation of the committee on complaints made after completion of the investigation and prosecution procedures provided for by Rule 9 of our rules. We were motivated to issue that order by the following considerations. There is no question that the respondent is guilty of unprofessional conduct. He pleaded guilty to having wilfully and knowingly failed to make a federal income tax return and he was sentenced. His offense, although a misdemeanor, calls for disciplinary action. *In re Palmieri*, 101 R. I. 775, 226 A.2d 813. When he appeared before us in chambers on May 2, 1967, pursuant to our order, he specifically and expressly waived any right or benefit to the Rule 9 procedures. We can see no good reason why in these circumstances we should defer disciplinary action pending an investigation by one committee, a prosecution before another, and transmittal to us of the findings and recommendations resulting from the proceedings before those two committees.

We have before us a complete record, including a stenographic transcript, of the proceedings in the United States District Court. It discloses that the respondent failed to file an income tax return in each of the years from 1951 to 1964 inclusive. Since prosecution for failure to file for the years prior to 1960 was barred by the statute of limitations, the charges pressed by the government were only for the five years commencing with 1960. A summary of the relevant tax data as to each of those years shows:

| Year | Respondent's Gross Income | Respondent's Taxable Income | Respondent's Potential Tax |
|------|---------------------------|-----------------------------|-----------------------------|
| 1960 | $84,847.22 | $38,435.77 | $13,690.96 |
| 1961 | 105,509.39 | 48,053.27 | 19,151.43 |
| 1962 | 63,942.83 | 31,488.92 | 10,159.79 |
| 1963 | 66,014.66 | 32,205.33 | 10,496.51 |
| 1964 | 73,534.73 | 32,835.92 | 10,792.88 |

The respondent is a family man. He has six children. During his almost forty years of practice he has enjoyed an excellent reputation. While he pleaded guilty only as to the year 1961, the record makes clear that he also failed to file tax returns for the years 1960, 1962, 1963 and 1964. He says, however, that full and accurate returns were prepared for each of those years by a certified public accountant. Why a man trained in the law and with respondent's background should have had his returns carefully prepared and then have failed to file them is difficult to understand. Perhaps, as he suggested, he found himself enmeshed in a web of his own weaving. When his first neglect took place, a "family difficulty" or "economic circumstances" made payment difficult, if not impossible. Because he could not pay that year, he elected not to file. To file the next year might have brought his earlier failure to light. He faced the same dilemma each succeeding year and each successive April 15th he resolved it by electing not to run the risk of discovery.

He offered no new or different explanation for his errors when he appeared before us on May 2, 1967. Neither did he present any matter in mitigation or extenuation. He did, however, tell us that a settlement of his civil liability is being negotiated.

The case calls for disciplinary action. We look to its facts and circumstances to determine what that action shall be. We must consider the nature and extent of respondent's misconduct as well as his age, his previous long and respected career at the bar, his imprisonment in a federal penitentiary from October 7, 1966, to February 23, 1967, and his present status as a parolee. We take into account also that he has not engaged in the practice of law during the almost eight months which have elapsed since sentence was imposed on him in the federal court.

Taking into consideration all of these circumstances it is our judgment that the respondent shall be and hereby is suspended from engaging in the practice of law in this state until further order of this court. He may, however, apply for reinstatement on or after the first Monday in March 1968 upon a satisfactory

showing that he has complied in good faith with this suspension, that his parole permit has not been revoked, and that the extent of his civil liability for unpaid federal income taxes has been determined.

Entered as an Order of this Court this first day of June, 1967.

BY ORDER:

BRIAN B. BURNS, *Deputy Clerk,* for
WALTER J. KANE, *Clerk.*

*Armstrong, Gibbons, Black & Lodge, Walter F. Gibbons,* for Robert J. Conley.