M. P. No. 73-225. *In the Matter of* RALPH C. DE LUCA. On March 20, 1972, the United States Attorney for the district of Rhode Island filed a criminal information charging the respondent with wilfully and knowingly failing to make an income tax return to the District Director of the Internal Revenue for the Internal Revenue District of Providence for the calendar years 1965, 1966 and 1967 in violation of Section 7203, Internal Revenue Code; 26 U.S.C., Section 7203.

On May 18, 1973, the United States Attorney filed an order in the United States District Court for the district of Rhode Island, dismissing the counts of the information involving the calendar years 1965 and 1966. On the same day, respondent, a member of the bar of this state since 1957, appeared in the United States District Court for the district of Rhode Island and pleaded guilty to the count of the information charging him with wilfully and knowingly failing to make an income tax return for the calendar year 1967. He was sentenced on his plea of guilty to pay a fine of $1,000.00. The respondent has paid the fine.

We issued a show cause order in this case on our own motion. *See in Re Conley,* 102 R. I. 756, 229 A.2d 847 (1967). On August 8, 1973, respondent appeared before us in chambers accompanied by counsel. He has waived all benefit of the investigatory and prosecutional procedures provided by our rules.

In his appearance before us, respondent offered two reasons

why disciplinary action should not be taken against him. The first rests on his argument that the offense to which he pleaded guilty does not involve moral turpitude and therefore should not result in disciplinary action. He relies on decisions from other jurisdictions which have so held.

We do not believe it is necessary for us at this time to consider respondent's argument with respect to the question of moral turpitude. We have already held in this state that wilfully and knowingly failing to file income tax returns and receiving sentence therefor, even though the offense is only a misdemeanor, is unprofessional conduct and calls for disciplinary action. *In Re Conley, supra; In Re Palmieri*, 101 R. I. 775, 226 A.2d 813 (1967). We see no valid reason why we should depart from the high standard of conduct heretofore prescribed by this court. Since respondent has breached that standard, the case calls for disciplinary action.

This brings us to a consideration of the second reason which respondent urged in arguing that no disciplinary action should be taken against him, namely, his prior good record as a citizen and as a member of the bar.

The respondent, who is now 50 years old, has enjoyed an excellent reputation in his native town of Bristol both as a public official and as a member of the bar of this state. He also served his country with distinction in the United States Navy during World War II from June, 1943, to February, 1946, when he was honorably discharged from the Navy.

After considering respondent's previous good conduct, as well as his age, his previous respected career at the bar, and his distinguished military record, because of the high standard of conduct demanded of members of the bar it is nonetheless our judgment that he be suspended from engaging in the practice of law in this state beginning September 10, 1973, until further order of this court, provided, however, that upon a satisfactory

showing of compliance in good faith with this order and proof that he has discharged his federal income tax liabilities, he may apply for reinstatement on or after March 10, 1974. We have deferred the effective date of this order to afford respondent a reasonable opportunity to make satisfactory arrangements to protect the interests of his clients. *Francis J. O'Brien,* for respondent.