In the Matter of the Application for
Disciplinary Action against Alvin
J. FOSAAEN.

No. 9076.

Supreme Court of North Dakota.

Oct. 23, 1975.

Harold W. E. Anderson, Grand Forks, for Grievance Commission.

Ronald W. Wheeler, Bismarck, for Alvin J. Fosaaen.

SAND, Judge.

This is a disciplinary proceeding in this Court for the revocation or suspension of the certificate of admission to the Bar of the State of North Dakota of Alvin J. Fosaaen, a regularly licensed attorney of this Court.

Alvin J. Fosaaen was admitted to practice as an attorney and counselor at law in the courts of the State of North Dakota by a certificate of admission dated the 15th day of July, 1949, and was duly licensed as an attorney at law in this State for the years in question.

On January 7, 1974, Alvin J. Fosaaen entered a plea of guilty to four counts of willful failure to file income tax returns for the calendar years 1968, 1969, 1970, and 1971, in violation of Section 7203 of the Internal Revenue Code, Title XXVI U.S.C., in the United States District Court, northeastern division, District of North Dakota, before the Honorable Paul Benson, Chief United States District Judge. The District Court entered a judgment of conviction whereby Alvin J. Fosaaen was committed to the custody of the Attorney General pursuant to Section 4208(b), Title 18, U.S.C.A., for a term of one year on each count, with the terms to run concurrently. The District Court stayed the sentence of confinement until January 22, 1974, with the understanding and further provision that if prior to that date the respondent, Alvin J. Fosaaen, had sought and obtained admission for diagnostic and treatment purposes at

Heartview Clinic in Mandan the sentence would be suspended and he would then be placed on probation for a term of two years. Fosaaen did admit himself to the Heartview Clinic in Mandan and was placed on probation.

The Grievance Commission of the Supreme Court of North Dakota, on an informal complaint and on its own motion, investigated Alvin J. Fosaaen, and on December 19, 1974, filed its report and findings and requested permission to file a complaint against Alvin J. Fosaaen praying for a disbarment of said respondent or, in the alternative, for suspension.

A summons and complaint was served upon Alvin J. Fosaaen on January 4, 1975. More than twenty days elapsed since the service, but Fosaaen did not answer or respond in any manner to the summons and complaint and was deemed in default.

This Court issued its order to show cause directing Alvin J. Fosaaen to appear at a hearing before this Court on the 9th day of September at 10:45 a. m. why this Court should not issue its order for his disbarment or suspension of his license to practice as an attorney and counselor at law in the courts of the State of North Dakota.

Mr. Alvin J. Fosaaen appeared with his counsel and personally presented additional facts to be considered by this Court.

At the order to show cause hearing before this Court it was established that Mr. Fosaaen violated the conditions of his probation and had appeared before the United States District Court for disposition of the violations. The United States District Court specifically found that Fosaaen failed to make any payments at all on his tax liability for the years 1968, 1969, 1970, and 1971, failed to file a timely 1973 income tax return, and failed to cooperate with the Internal Revenue Service as a condition required for his probation. The Court further found that Fosaaen wrongfully claimed dependents by claiming a dependency status for Brian and Sheila [1] on his 1973 income tax return. The Federal Court, in making its decision from the bench, made the following observation:

"I think your problem goes much deeper than that; and I am not in a position or qualified to make a determination as to what that problem is that has caused you to violate the law in this manner and that has caused you to violate conditions of your probation which I granted you, somewhat reluctantly I might add, when you appeared before this Court before. I think perhaps you know what your problem is, although I have a feeling that you are not willing to recognize it."

The Court adjudged that Alvin J. Fosaaen be committed to the custody of the Attorney General for a term of one year on each count, said terms of imprisonment to run concurrently, and that all but ninety days of that sentence be suspended; and that the defendant thereupon, after serving ninety days' imprisonment, again be placed on probation for a period of two years; and that a condition of that probation be that the defendant cooperate with the Internal Revenue Service. The Court made the further recommendation by stating:

"I am going to recommend to you—although I am not going to require it because I have required it once before, and it didn't do any good—I am going to recommend to you that during that ninety days of incarceration that you take advantage of the alcoholic treatment program that they maintain at the North Dakota State Penitentiary and avail yourself of the opportunity to try and solve some of your problems."

To permit the defendant, Alvin J. Fosaaen, to appear before this Court on the order to show cause, the United States District Court stayed the execution of the sentence until September 15, 1975, at 2:00 p. m.

Failure to timely file a federal income tax return is a misdemeanor. The Supreme

1. Son and daughter who did not qualify as dependents.

Court of Rhode Island, in *In re De Luca,* 308 A.2d 826 (1973), in a similar situation, said:

"We have already held in this state that wilfully and knowingly failing to file income tax returns and receiving sentence therefore, even though the offense is only a misdemeanor, is unprofessional conduct and calls for disciplinary action. *In Re Conley* [102 R.I. 756, 229 A.2d 847 (1967)], *supra*; *In Re Palmieri,* 101 R.I. 775, 226 A.2d 813 (1967)."

The report continued by saying, "We see no valid reason why we should depart from the high standard of conduct heretofore prescribed by this court."

The New Hampshire Supreme Court in *St. Pierre's Case,* 113 N.H. 198, 504 A.2d 88 (1973), concluded that the failure to file an income tax return warranted suspension from the practice of law for a period of ninety calendar days.

The Supreme Court of California, in *In re Fahey,* 8 Cal.3d 842, 106 Cal.Rptr. 313, 505 P.2d 1369 (1973), reached a different conclusion and held that the knowing and unlawful failure to file federal income tax return does not involve "moral turpitude" within the meaning of disciplinary statute, where failure is not for the purpose of personal financial gain or intent to avoid ultimate payment of tax obligations, but is the result of domestic and neuropsychiatric difficulties. The California Court noted the States which hold that failure to file did not constitute moral turpitude. It also noted that some of those States nevertheless imposed disciplinary action to maintain public respect for the profession. The conclusions reached by the California Court in the *Fahey* case probably would be more persuasive here were it not for the fact that Fosaaen is not merely involved with a failure to file a timely federal income tax return but includes his failure to file even as a condition of probation. His violation of probation eliminates any doubt that may have existed in his favor.

■ This Court, in *In re Anderson,* 195 N.W.2d 345 (1972), on the question of whether or not a misdemeanor constitutes moral turpitude, said:

"What constitutes moral turpitude is not subject to exact definition. However, in considering this question, we must keep in mind that we are not considering the question in relation to a layman but with respect to an attorney."

An attorney is trained at law, has taken an oath, assumes a position of public trust and holds himself out to the public as being fit and capable of handling its funds and problems. The attorney has assumed a position of responsibility to the law itself and any disregard for the law is more serious than a breach by a layman or non-lawyer. He is an officer of the Court.

■ We are compelled to conclude that failure to file a federal income tax return, which is a misdemeanor, but which violation in reality turns out to be a second violation and also a violation of a condition of his probation, and the wrongful claiming of ineligible dependents, constitute actions involving moral turpitude for which a suspension from the practice of law is warranted. We therefore impose a suspension from the practice of law of Alvin J. Fosaaen for the period beginning 15 September 1975 to 31 December 1975, and thereafter until reinstated by this Court.

The record before the United States District Court and the information made available to this Court at the hearing strongly suggests that the problem of Mr. Fosaaen stems or arises, at least in part, from excessive use of alcohol periodically. We cannot, nor are we qualified to, make the diagnosis, but with the information available to the Court from judicial and official records there is reasonable cause for this Court to be concerned with this problem, particularly involving an officer of the Court. We have reason to believe that his problems with the Internal Revenue Service are at least caused in part by the excessive periodic use of alcohol. We are aware that Fosaaen

sustained a fifty percent disability while in the active military service of his country and has had repeated surgery for a gunshot wound in his chest, which may be a contributing factor to his problem. He stated that he has a chemical imbalance and that he cannot tolerate drugs, particularly analgesic drugs.

From and after January 1, 1976, the expiration of the period of suspension, Mr. Fosaaen may make application to this Court to be reinstated. We, however, feel constrained to assume a further responsibility as to reinstatement. Thus, in order to discharge the obligation and responsibility of this Court, we will require that a report be made relative to his excessive use of alcohol, or alcoholism, as a part of the application for reinstatement. The report must be supported by affidavits of persons trained in this field from the medical staff of Heartview or the State Hospital, or both, or some other comparable institution, upon which the Court can exercise its judgment in determining whether or not reinstatement should be granted.

ERICKSTAD, C. J., and VOGEL, PEDERSON and PAULSON, JJ., concur.