(No. 42626.—

*In re* RICHARD P. LAMBERT, Attorney, Respondent.

*Opinion filed December 4, 1970.*

KLUCZYNSKI, J., took no part.

JOHN CADWALADER MENK, of Chicago, *amicus curiae.*

EDWARD L. S. ARKEMA and HARRY G. FINS, both of Chicago, for respondent.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

The Committee on Grievances of The Chicago Bar Association, sitting as commissioners of this court under our Rule 751 (43 Ill.2d R. 751), recommended that the respond-

ent, Richard P. Lambert, an attorney, be suspended from the practice of law for two years; this recommendation was subsequently increased by the Board of Managers of the association to five years and until the further order of the court. The recommendation was based upon respondent's conviction, in the United States District Court, on five counts of wilful failure to file income tax returns in violation of section 7203 of the Internal Revenue Code. (26 U.S.C.A., sec. 7203.) The respondent pleaded guilty and was sentenced to imprisonment for one year on each count, such sentences to run concurrently, and fined $5,000. He served nine months at the Sandstone Federal Correctional Institution and paid the $5,000 fine.

Respondent was admitted to the practice of law in this State in 1936, and practiced successfully in the village of Summit from that date until his 1967 conviction. He has not practiced law since.

Respondent was elected mayor of the village of Summit in 1949 and served in that position for 18 years, having been elected five times. He also served as Liquor Commissioner in Summit, represented his political party in Lyons Township and on the county central committee. He was a member of the Northern Illinois Metropolitan Planning Commission. In addition, respondent was employed in Summit as vice-president of the Anchor Gas and Oil Company until he became its president in 1960. He was a director of the Argo Savings and Loan Association and served as its president from 1956-1963.

Respondent did not file income tax returns for the years 1948-1964 and testified that he owed approximately $100,-000 in back taxes, as to which arrangements for payment are apparently being met. Following an inquiry by a tax agent concerning his personal tax returns, the respondent made a complete disclosure regarding his failure to file income tax returns to the Internal Revenue Service and cooperated fully in their investigation.

The sole question presented here is the severity of the punishment to be imposed. Respondent's principal contention is that a five-year suspension from the practice of law is excessive and unreasonable since the offense involved is a misdemeanor under Federal law. That, however, is not a significant distinction, for "Whether a conviction is for a felony or a misdemeanor * * * is not the basis for disciplinary action in this State. Rather, the conviction of any crime which involves moral turpitude is *per se* ground for disbarment or other disciplinary action under our rule. Moral turpitude has often been set up as a test. * * * Without attempting to limit the meaning of the phrase, we think it elementary that fraud or fraudulent conduct on the part of an attorney resulting in his conviction necessarily carries the connotation of moral turpitude." (*In re Teitelbaum,* 13 Ill.2d 586, 589.) The wilful failure to file income tax returns is clearly fraudulent conduct involving moral turpitude.

In support of his argument respondent cites six opinions of this court in disciplinary matters where the offenses involved were felonies under the Federal income tax laws, and in which the discipline imposed ranged from censure to a three-year suspension. (*In re Shavin,* 40 Ill.2d 254; *In re Sullivan,* 33 Ill.2d 548; *In re Revzan,* 33 Ill.2d 197; *In re Crane,* 23 Ill.2d 398; *In re Greenberg,* 21 Ill.2d 170; *In re Teitelbaum,* 13 Ill.2d 586.) In none of these cases did the extent of the violations even approach the 17-year period in the instant case. The longest period of tax evasion was four years for which a three-year suspension was imposed.

Respondent recognizes the gravity of his offense and makes no attempt to justify or excuse his failure to file returns except to say that it was "the worst kind of negligence." There is no evidence that he was experiencing illness, emotional disturbance, or other difficulties during this 17-year period, and his failure to file is particularly perplexing under these circumstances. Certainly an attorney's wil-

ful failure to file income tax returns seriously impairs the public confidence in the entire profession, especially when it extends over as prolonged a period of time as is here involved. Having considered all the circumstances of this case, including the favorable testimony relating to respondent's conduct and accomplishments, generally, we believe the respondent should be suspended from the practice of law for five years, and it is so ordered.

The majority of the court is of the opinion that, considering all of the circumstances of this case, the suspension will be considered as having commenced on the date of respondent's release from the Sandstone Federal Correctional Institution.

*Respondent suspended.*

Mr. JUSTICE KLUCZYNSKI took no part in the consideration or decision of this case.