(No. 45137 )

*In re* BERNARD J. KAYNE, Attorney, Respondent.

*Opinion filed January 26, 1973.*

WALTER H. MOSES, of Chicago, for respondent.

JOHN CADWALADER MENK, of Chicago, *amicus curiae.*

PER CURIAM: The Board of Managers of the Chicago Bar Association has recommended that Bernard J. Kayne, the respondent, who was admitted to the bar of Illinois in 1962, be suspended from the practice of law for the period of three months and that the suspension be considered as having been served. The division of the Grievance Committee of the Association which heard the evidence had recommended a suspension from practice for a period of two years, but the full committee, upon review, recommended a suspension of three months with the suspension to be deemed as having been served. The Board of Managers approved the full committee's recommendation and amended a finding in the committee's report that "the respondent has a good reputation in his community for honesty and integrity" to include a finding that the respondent "has been fully rehabilitated."

The respondent and another defendant had been indicted in 1965 in the United States District Court for the Northern District of Illinois on a charge of having illegally given $300 to an Internal Revenue agent with the intent to influence the agent's decision on a matter then pending before the Internal Revenue Service, and on a charge of having conspired to do so. The respondent was found guilty following a bench trial and was given a three-month sentence and a fine of $900 for the substantive offense and was placed on probation for one year on the conviction for

conspiracy. No appeal from the conviction was taken, and the defendant served the sentence and satisfied the fine imposed.

Disciplinary proceedings, which had been initiated by the Chicago Bar Association, were continued generally in 1968 after the respondent made a motion in the district court to vacate and set aside the judgment of conviction on the ground that illegally acquired evidence had been used against him by the prosecution. However, the Supreme Court of the United States, in a case decided by it, ruled adversely to the legal position taken by the respondent in his motion. The disciplinary proceedings were then resumed and completed. The findings made included a finding that the crime of which the defendant had been convicted involved moral turpitude and that the conviction demeaned the legal profession and brought it into serious disrepute.

The respondent's position before this court is that the recommendation of the Board of Managers is an appropriate one and supported by the considerations that the respondent was found to have been "fully rehabilitated" and that disciplinary proceedings should be considered as remedial in nature and not punitive. The respondent urges that should we not adopt the Board's recommendation, the discipline imposed should be "severe censure." His counsel points to evidence in the record of the attorney's good reputation, rehabilitation and his otherwise unsullied personal and professional conduct.

The record does contain, as the *amicus curiae* acknowledges, "strong and favorable testimony as to respondent's good reputation and his general rehabilitation." This court, in determining the sanction to be imposed, has considered this evidence, but we must consider as well the gravity of the respondent's offense and the harmful effect of his conduct and conviction on public confidence in the profession.

Balancing these considerations, we judge that a sus-

pension from the practice of law for a period of one year should be imposed. The respondent is suspended for a period of one year.

*Respondent suspended.*