Original
No. 6613

### ROBERT A. ST. PIERRE'S CASE

April 30, 1973

*Laurence F. Gardner,* by brief and orally, for the Board of Governors of the New Hampshire Bar Association.

*Louis M. Janelle,* by brief and orally, for the defendant, Robert A. St. Pierre.

KENISON, C.J. Disciplinary proceedings against Robert A. St. Pierre initiated by an order of this court for the defend-

ant to show cause why he should not be subjected to disciplinary action as a result of his conviction in the United States District Court for the District of New Hampshire, upon a plea of guilty, for the willful failure to file an income tax return for the year 1967. He was sentenced on February 16, 1973, for a period of six months which was suspended, placed on probation for one year and fined $10,000. 26 U.S.C. § 7203 (1964). After the show cause order was issued on February 22, 1973, the Committee on Professional Conduct of the New Hampshire Bar Association requested a postponement of the hearing until they had had an opportunity to make an investigation. Investigation was completed by an attorney-investigator and the cause was set for hearing and argument on April 10, 1973.

The defendant was admitted to the practice of law in this State in 1955 and it appears from the investigation and the hearing that his "reputation as an attorney is good." He is considered to be honest, of good moral character and diligent in his representation of clients. It is evident that his diligence on behalf of others was not present when it came to the preparation of his own tax return. "The tendency of many lawyers to concentrate on the demands of clients and to assign a low priority to their own affairs is well known . . . . If pressures are too great, the lawyer may let the filing deadline pass without obtaining an extension. Once that has happened a peculiar mental inertia may set in, making it increasingly difficult to get the task done and easier to put it off. Suddenly, it seems a year has gone by and another filing deadline approaches. Now the lawyer fears to file because of the probability of discovery of his previous omission." Stoddard and Stutsman, *Income Tax Offenses by Lawyers: An Ethical Problem,* 58 A.B.A.J. 842, 844-45 (1972).

In partial mitigation of his failure to file his tax return, it was stated that during this period he was then addicted to medication prescribed by his doctor for energy and weight problems. This is a factor to be taken into consideration in assessing the extent of the disciplinary action but it does not dispense with the need for it. His federal conviction for failure to file his federal income tax return constituted non-professional misconduct and requires disciplinary measures

to maintain the integrity and competence of the legal profession. ABA Code of Professional Responsibility, Disciplinary R. 1-102(A) (3) (July 1, 1969/Final Draft). This is true whether the misdemeanor of failing to file a federal income tax return is considered a crime involving moral turpitude or not. Weckstein, *Maintaining the Integrity and Competence of the Legal Profession,* 48 Texas L. Rev. 267, 276 (1970); Comment, 22 Wash. & Lee L. Rev. 308, 312 (1965). Other factors in the defendant's favor are that he has not made any misstatement of the facts to the internal revenue authorities and he has kept complete and accurate financial records.

Counsel for the defendant recommends that he should be reprimanded or censured. The investigative report of the committee on professional conduct recommended that he be suspended from the practice of law for a period of ninety calendar days, which was approved by the Board of Governors of the New Hampshire Bar Association on March 31, 1973. "In this case it is believed that censure or reprimand is insufficient; that disbarment is unwarranted; but that suspension for a definite period is warranted as a clear indication that such conduct is not to be disregarded by the bar or by this court." *Ford's Case,* 102 N.H. 24, 26, 149 A.2d 863, 864 (1959). *See also In re Calhoun,* 127 Vt. 220, 245 A.2d 560 (1968); Annot., 59 A.L.R.2d 1398 (1958).

In the interest of maintaining public confidence in the bar as a whole, the defendant is suspended from the practice of law directly or indirectly for a period of ninety calendar days beginning May 30, 1973.

*So ordered.*

GRIMES, J., did not sit; the others concurred.