(No. 45371.—)

*In re* CARL SCHUB, Attorney, Respondent.

*Opinion filed May 21, 1973.*

UNDERWOOD, C.J., concurring.

GEORGE B. COLLINS, of Chicago (COLLINS & AMOS, of counsel), for respondent.

JOHN CADWALADER MENK, of Chicago, *amicus curiae.*

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The Board of Managers of the Chicago Bar Association, serving as commissioners of this court (50 Ill.2d R. 751), has recommended that the respondent, Carl Schub, who was admitted to the bar in 1937, be suspended from the practice of law for a period of 6 months.

The complaint filed by the Committee on Inquiry of the Chicago Bar Association contained two counts. The first count alleged, and the record shows, that in a three-count information filed in the United States District Court for the Northern District of Illinois respondent was charged with violations of title 26 of the Internal Revenue Code, section 7203, in that he failed to file income-tax returns for three successive calendar years, that he pleaded guilty to one count of the information and was fined $5,000 and placed on probation for a period of one year.

The second count of the complaint charged that respondent failed to obey a subpoena which directed him to appear before a division of the Committee on Inquiry of the Chicago Bar Association and bring with him certain records relevant to his representation of a client named in the subpoena. In his answer to the complaint, respondent admitted the truth of the allegations. With respect to the failure to respond to the subpoena, he stated that it was "because of distressing personal circumstances which *** effectively prevented" his appearance.

Respondent offered testimony which showed that at about the time that he failed to file his income-tax returns he was experiencing serious marital difficulties and was involved in litigation with a partner in a real-estate transaction. As the result of the real-estate controversy there was some question whether certain income should have been reported by respondent or the estate of his deceased partner. The record shows that respondent has paid the fine assessed, has been discharged from probation, and has paid the taxes found to be due.

A violation of section 7203 of the Internal Revenue Code of 1954 is a misdemeanor. That section provides in pertinent part: "Any person *** required by this title or by regulations made under authority thereof to make a return *** who willfully fails to *** make such return *** at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 1 year, or both, together with the costs of prosecution."

Citing *In re Teitelbaum, 13 Ill.2d 586,* and *In re Lambert, 47 Ill.2d 223, amicus curiae* argues that the willful failure to file income-tax returns is fradulent conduct. Respondent contends that there is no proof here of moral turpitude and argues that although, admittedly, in prior opinions, this court (see *In re Lambert, 47 Ill.2d*

*223,* and *In re Bass, 49 Ill.2d 269)* has held violations of section 7203 to involve moral turpitude, the offense is a misdemeanor, and it does not follow that every violation of the statute involves moral turpitude. He argues further that he has suffered great embarassment by reason of the conviction and that suspension for any period of time will destroy his practice, which is his sole source of income. He points out that the commissioners found that he has a good reputation in his community for honesty and integrity and that he has not been charged with any other professional impropriety.

Our examination of the record leads us to conclude that we need not decide whether every violation of section 7203 is *per se* an offense involving moral turpitude. The evidence shows that respondent's conduct, whether or not it involved moral turpitude, clearly did not comport with accepted professional standards and could adversely affect public confidence in our profession. Upon consideration of the matters which are determinative of the sanction to be imposed in a disciplinary proceeding (see *In re Anderson, 52 Ill.2d 202; In re Kayne, 53 Ill.2d 410)* we conclude that the recommended suspension of six months is appropriate in this case.

*Respondent suspended.*

MR. CHIEF JUSTICE UNDERWOOD, concurring:

I agree that respondent's conduct warrants the discipline imposed. I do not agree with what I consider to be the court's implication that doubt exists as to whether respondent's conduct involves moral turpitude, for I believe that element is clearly present in a wilful failure to file tax returns for three successive years.