STATE of Oklahoma, ex rel., OKLA-HOMA BAR ASSOCIATION, Complainant,

v.

Cameron M. SPRADLING, Respondent.

OBAD No. 1069.
SCBD No. 3849.

Supreme Court of Oklahoma.

June 28, 1994.

Dan Murdock, General Counsel, Mike Speegle, Asst. General Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

Newell E. Wright, Jr., Oklahoma City, for respondent.

SIMMS, Justice.

Complaint was filed by the Oklahoma Bar Association against Respondent lawyer alleging professional misconduct. The matter now comes before us on a proposed stipulation of fact and conclusions of law with an agreed recommendation for discipline, which were approved by the Professional Responsibility Tribunal. Although briefing time was fixed by this court following the filing of the stipulations, no briefs have been filed. The stipulation contains these pertinent facts. Respondent is licensed to practice law in both Oklahoma and Texas. Respondent associated with an Oklahoma attorney and a Kansas lawyer to pursue a medical malpractice claim in the State of Texas. The claim involved the alleged negligence of a Texas physician which resulted in the death of a wife and mother.

All three attorneys entered into a single contract to represent the deceased's husband and minor child. The contract specified a forty percent (40%) contingency fee in the malpractice action.

Respondent filed a lawsuit in Texas and a settlement was reached after filing suit. However, prior to the settlement, Respondent presented another contract to the surviving husband, with Respondent named as the only attorney on the new contract. A settlement check in the sum of $200,000 was issued naming the surviving husband and Respondent's law firm as the only payees. Fifty thousand dollars ($50,000) was used to purchase an annuity for the surviving minor child.

After receiving the settlement check and depositing it in a trust account, Respondent began disbursing funds therefrom without notifying either the Oklahoma or Kansas lawyers that settlement proceeds were received. When the Oklahoma lawyer was finally advised of the settlement and receipt of the funds, Respondent's trust account had a balance of only $6,041.19. The Oklahoma attorney demanded an accounting be supplied as an attorney fee was in dispute, however, the accounting was not furnished by Respondent. Instead of placing the disputed funds in a separate account, Respondent transferred the funds to the operating account for his own firm.

It was stipulated and the Professional Responsibility Tribunal found that Respondent's conduct violated the mandatory provisions of Rule 1.15, Oklahoma Rules of Professional Conduct, 5 O.S.1991, Ch. 1, App. 3–A, which reads:

"(a) A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property. Funds shall be kept in a separate account maintained in the state where the lawyer's office is situated, or elsewhere with the written consent of the client or third person.

. . . .

(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer

shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

(c) When in the course of representation a lawyer is in possession of property in which both the lawyer and another person claim interests, the property shall be kept separate by the lawyer until there is an accounting and severance of their interests. If a dispute arises concerning their respective interests, the portion in dispute shall be kept separate by the lawyer until the dispute is resolved."

Examination of the transcript of proceedings before the Tribunal reveal Respondent cooperated fully with the Oklahoma Bar Association, that he has made restitution to the other lawyers, and that he was publicly censured by the Dallas County (Texas) Bar in this same matter.

Therefore, the stipulation, report and recommendation of the Professional Responsibility Tribunal is approved. Respondent, Cameron M. Spradling, is PUBLICLY CENSURED for professional misconduct.

Respondent is ordered to pay the costs of these proceedings in the sum of $173.04 within Thirty (30) Days from the date this opinion is promulgated.

HODGES, C.J., LAVENDER, V.C.J., and HARGRAVE, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

OPALA, J., concurring in part and dissenting in part: I would impose a thirty-day suspension.