2009 OK 39

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant**

v.

**Cameron Maxwell SPRADLING, Respondent.**

**OBAD No. 1736.
SCBD No. 5379.**

Supreme Court of Oklahoma.

June 16, 2009.

Janis Hubbard, First Assistant Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, OK, for complainant.

Charles F. Alden, III, Alden, Leonard, & Dabney, Oklahoma City, OK, for respondent.

OPALA, J.

¶ 1 In this post-conviction disciplinary proceeding against a lawyer under Rule 7.1 of the Rules Governing Disciplinary Proceedings [1], we must determine if the crime of which the lawyer has been convicted demonstrates his unfitness to continue the practice of law. We answer in the affirmative.

## I

## THE ANATOMY OF LITIGATION

¶ 2 Cameron Maxwell Spradling (respondent or Spradling) pleaded guilty on November 29, 2006 in the United States District Court for the Western District of Oklahoma to one misdemeanor count of failure to file an income tax return for 2003 in violation of 26 U.S.C. § 7203.[2] Two other counts charging the same crime for the years 2001 and 2002 were dismissed pursuant to respondent's plea agreement. Respondent was sentenced to six months imprisonment and twelve months of supervised release in addition to a $25 assessment and to a $12,000 fine.[3] On February 7, 2008 respondent was suspended *pendente lite* from the practice of law by an order of this court.[4] See Rule 7.3.[5] Respon-

1. The terms of Rule 7.1, Rules Governing Disciplinary Proceedings, 5 O.S.Supp.2007, Ch. 1, App. 1–A, are:

 A lawyer who has been convicted or has tendered a plea of guilty or nolo contendere pursuant to a deferred sentence plea agreement in any jurisdiction of a crime which demonstrates such lawyer's unfitness to practice law, regardless of whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial, shall be subject to discipline as herein provided, regardless of the pendency of an appeal.

2. The terms of 26 U.S.C. § 7203 provide in pertinent part:

 Any person required under this title to pay any estimated tax or tax, or required by this title or by regulations made under authority thereof to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and, upon conviction thereof, shall be fined not more than $25,000 ($100,000 in the case of a corporation), or imprisoned not more than 1 year, or both, together with the costs of prosecution.

3. *U.S. v. Spradling,* Cause No. M–06–135–C, U.S. District Court for the Western District of Oklahoma (2006).

4. *State ex rel. Oklahoma Bar Ass'n v. Spradling,* 2008 OK 14.

5. The terms of Rule 7.3, Rules Governing Disciplinary Proceedings, 5 O.S.Supp.2007, Ch. 1, App. 1–A, are:

 Upon receipt of the certified copies of Judgment and Sentence on a plea of guilty, order deferring judgment and sentence, indictment or information and the judgment and sentence, the Supreme Court shall by order immediately suspend the lawyer from the practice of law until further order of the Court. In its order of suspension the Court shall direct the lawyer to appear at a time certain, to show cause, if any he has, why the order of suspension should be set aside. Upon good cause shown, the Court may set aside its order of suspension when it appears to be in the interest of justice to do so, due regard being had to maintaining the integrity of and confidence in the profession.

dent remained in custody of the U.S. Bureau of Prisons from October 1, 2007 to March 28, 2008 and then began the twelve-month period on supervised release.

¶ 3 At a May 20, 2008 hearing the PRT found that respondent's guilty plea for failure to file income tax return showed the respondent's unfitness to practice law and recommended the respondent be suspended from the practice of law for six months, beginning February 7, 2008, if he could complete the requirements of his supervised release imposed by his conviction in the U.S. District Court before the end of his suspension. Respondent was discharged from supervised release by an order of the U.S. District Court on July 17, 2008.

## II

## IN POST–CONVICTION BAR DISCIPLINARY PROCEEDINGS *DE NOVO* CONSIDERATION MUST BE GIVEN TO THE QUESTION WHETHER RESPONDENT RETAINS CONTINUED FITNESS TO PRACTICE LAW

 ¶ 4 Post-conviction disciplinary proceedings require this court to examine the entire record tendered and, if it is complete,[6] to give *de novo* consideration to the respondent's fitness to continue practicing law.[7] That review is to be distinguished from two other notions of *de novo* review with which it may often be confused. A trial *de novo* is a complete retrial of a case in a different court.[8] A *de novo* appellate review on the

record requires an independent, non-deferential reexamination of another tribunal's record and findings.[9] These distinct notions must not be confused with the genre of review to be given in this case.

 ¶ 5 In Bar disciplinary proceedings the review given by this court differs from other genres. This is so because it is mandated by this court's constitutionally invested status as the tribunal of exclusive original cognizance over disciplinary actions of the Bar. This court's jurisdiction over lawyers and its regulation of the practice of law are nondelegable functions. The findings of the PRT are hence neither binding nor persuasive. They do not constitute the decision of an independent tribunal. This court must examine and weigh the evidence as if it were acting as a tribunal of first instance exercising original and exclusive jurisdiction.

### The Parties' Stipulations

¶ 6 Respondent and the Bar stipulate that respondent's guilty plea for willful failure to file an income tax return proves his guilt of professional misconduct and justifies the imposition of punishment. The parties also stipulate that respondent has previously received a public censure in an unrelated disciplinary case.[10] It was also stipulated that respondent's conviction did not arise from the practice of law. The respondent acknowledges the seriousness of his offense and the discredit it brings upon the legal profession. Both parties agree that the six-month suspension recommended by the PRT

---

6. No additional evidence is needed for today's review. *See Application of Sanger,* 1993 OK 158, 865 P.2d 338.

7. *State ex rel. Okla. Bar Ass'n v. Livshee,* 1994 OK 12, ¶ 4, 870 P.2d 770, 773; *see Willner v. Comm. on Character and Fitness,* 373 U.S. 96, 83 S.Ct. 1175, 10 L.Ed.2d 224 (1963); *State ex rel. Okla. Bar Ass'n v. Carpenter,* 1993 OK 86, ¶ 12, 863 P.2d 1123, 1129; Appeal of Evinger, 1981 OK 58, 629 P.2d 363, 368; *State ex rel. Okla. Bar Ass'n v. Trower,* 1963 OK 93, 381 P.2d 142, 144; *see also Application of Sanger, supra* note 6 at ¶ 5, 865 P.2d at 343.

8. *State ex rel. Okla. Bar Ass'n v. Livshee, supra* note 7; *Shelton v. Lambert,* 1965 OK 28, 399 P.2d 467, 470 (1965), *see also Globe–Union, Inc. v. Chi. Tel. Supply Co.,* 103 F.2d 722, 728 (7th Cir.1939).

9. *State ex rel. Okla. Bar Ass'n v. Livshee, supra* note 7; *Brown v. Burkett,* 1988 OK 49, ¶ 3, 755 P.2d 650, 651; *Globe–Union, supra* note 9 at 728; *Niehaus v. Madden,* 348 Mo. 770, 155 S.W.2d 141, 145 (1941); *see also* Okla. Const. art. 9 § 20; *Atchison, Topeka & Santa Fe Ry. Co. v. State,* 1984 OK 87, ¶ 3, 692 P.2d 554, 555–556.

The pertinent provisions of Okla. Const. art. 9 § 20, are:

The Supreme Court's review of appealable orders of the Corporation Commission shall be judicial only, and in all appeals involving an asserted violation of any right of the parties under the Constitution of the United States or the Constitution of the State of Oklahoma, the Court shall exercise its own independent judgment as to both the law and the facts.

10. *State ex rel. Okla. Bar Ass'n v. Spradling,* 1994 OK 77, 880 P.2d 358.

is both appropriate and reasonable. In a joint motion to supplement the record after the conclusion of the PRT hearing, the parties provided documentation showing that respondent had completed and been discharged from supervised release on July 17, 2008.

¶7 The PRT submits that *State ex rel. Oklahoma Bar Ass'n v. Livshee*[11] is on point for the review of the case at hand. In both *Livshee* and the present case a lawyer pleaded guilty to one count of willful failure to file an income tax return. In *Livshee*, the lawyer was sentenced by the federal court to two years of probation. The PRT recommended a sixty-day suspension from the practice of law. This court suspended Livshee for nearly five months from the date of the initial (*pendente lite*) order of interim suspension until the date on which the final order of this court became effective.

### III

### THE CONSEQUENCES OF A LAWYER'S CONVICTION FOR FAILURE TO FILE AN INCOME TAX RETURN

¶8 A conviction for willful failure to file an income tax return demonstrates a lawyer's "unfitness to practice law." See Rule 7.1.1 [12] In the interest of maintaining confidence in lawyers and in the integrity of the legal profession, this conviction calls for the imposition of discipline.[13] It does not matter whether the lawyer's offense is classified as a misdemeanor or a felony. By willfully failing to file "... tax returns, a lawyer appears to the public to be placing himself above the law." [14] A lawyer's disregard of federal law demonstrates a lack of dedication to and respect for the laws and for the government which lawyers are sworn to uphold.[15] Misconduct of this nature is not compatible with the accepted professional and ethical standards which bind lawyers. It is likely to undermine both public confidence in lawyers and public perception of the legal profession as a community of law-abiding practitioners.[16]

### IV

### DISCIPLINE TO BE IMPOSED

¶9 Disciplinary sanctions are not solely intended to punish offending lawyers; they also serve to protect the interests of the public, of the court system, and of the legal profession.[17] Disciplinary process and imposed sanctions not only deter future misconduct by offending lawyers, but also demonstrate to others that violations of professional and ethical standards will not be tolerated. The sanction imposed upon an offending lawyer should be consistent with the quantum of discipline given to other practitioners for similar acts of misconduct.[18] Today's sanction meets these goals.

¶10 On its complete *de novo* consideration of the entire record, the court holds that Spradling's conviction demonstrates his unfitness to practice law within the meaning of

---

11. *State ex rel. Okla. Bar Ass'n v. Livshee, supra* note 7.

12. For the text of Rule 7.1, see *supra* note 1.

13. *State ex rel. Okla. Bar Ass'n v. Livshee, supra* note 7, at ¶8, 870 P.2d at 774; *Comm. on Prof'l Ethics v. Bromwell*, 221 N.W.2d 777, 779–780 (Iowa 1974); *St. Pierre's Case*, 113 N.H. 198, 304 A.2d 88, 89 (1973); *In re Schub*, 54 Ill.2d 277, 296 N.E.2d 738, 740 (1973); *In re Calhoun*, 127 Vt. 220, 245 A.2d 560 (1968).

14. *State ex rel. Okla. Bar Ass'n v. Livshee, supra* note 7; *Attorney Grievance Com'n of Md. v. Walman*, 280 Md. 453, 374 A.2d 354, 361 (Md.App. 1977); *Cleveland Bar Ass'n v. Stein* 29 Ohio St.2d 77, 278 N.E.2d 670, 673 (1972); *In re Calhoun, supra* note 13; Cannot., "Federal Income Tax Conviction as Involving Moral Turpitude Warranting Disciplinary Action Against Attorney", 63 A.L.R.3d 476 (1975); Cannot., "Federal Income Tax Conviction As Constituting Nonprofessional Misconduct Warranting Disciplinary Action Against Attorney", 63 A.L.R.3d 512 (1975).

15. *State ex rel. Okla. Bar Ass'n v. Livshee, supra* note 7; *State v. Arneson*, 36 Wis.2d 618, 153 N.W.2d 497, 500 (1967); *In re Calhoun, supra* note 13 at 561; *Ohio State Bar Ass'n v. Hart*, 15 Ohio St.2d 97, 238 N.E.2d 560, 561 (1968), cert. den. 393 U.S. 933, 89 S.Ct. 292, 21 L.Ed.2d 269 (1968); *In re Knapp*, 127 Vt. 222, 245 A.2d 561 (1968).

16. *In re Schub, supra* note 13 at 740.

17. *State ex rel. Okla. Bar Ass'n v. Groshon, Jr.*, 2003 OK 112, ¶16, 82 P.3d 99, 106; *State ex rel. Okla. Bar Ass'n v. Schraeder*, 2002 OK 51, ¶32, 51 P.3d 570, 579.

18. *State ex rel. Okla. Bar Ass'n v. Groshon, Jr., supra* note 17; *State ex rel. Okla. Bar Ass'n v. Schraeder supra* note 17.

 

Rule 7.1 [19] and warrants the imposition of discipline. Based upon the precedent adopted by this court in *Livshee*, the *pendente lite* suspension under which Spradling stands has extended for a period long enough to constitute an adequate disciplinary measure for the misconduct of which he was convicted. That suspension, which began when this court issued its Order of Immediate Suspension on February 7, 2008, will be at an end when this pronouncement becomes effective and final. Our opinion herein shall be effective in the sense of allowing respondent's resumption of law practice when the costs of this proceeding in the sum of $1,000.98 have been paid and its remittance documented by the Bar's filing herein of its receipt.

¶ 11 Respondent is ordered disciplined by a suspension from the practice of law which will extend from the effective date of this court's post-conviction order of immediate *pendente lite* suspension to the effective date of this pronouncement and by imposition of costs.

¶ 12 ALL JUSTICES CONCUR.

---

**19.** For the text of Rule 7.1, see *supra* note 1.