OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COLEMAN

 

 
 

 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. COLEMAN
2021 OK 63
Case Number: SCBD-7031
Decided: 11/23/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 63, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Â 

Â 

STATE OF OKLAHOMA, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,
v.
KENDRA D. COLEMAN, Respondent.

ORIGINAL PROCEEDING FOR ATTORNEY DISCIPLINE

Â¶0 Kendra D. Coleman, Respondent, entered an Alford plea to one misdemeanor count of Failure to File a Tax Return in Oklahoma County District Court. Pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings, the Oklahoma Bar Association initiated summary disciplinary proceedings against Coleman. Coleman sought and was provided a hearing before a trial panel of the Professional Responsibility Tribunal on the limited issues of mitigation and imposition of appropriate discipline. The Trial Panel and the Bar recommend public reprimand. After de novo review, we hold the appropriate discipline is public reprimand

RESPONDENT PUBLICLY REPRIMANDED; COSTS ASSESSED.

Gina L. Hendryx, General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Charles F. Alden, III, Charles F. Alden, III, P.C., Charles C. Weddle III, Joe E. White, Jr., and Kate C. White, White & Weddle, P.C., Oklahoma City, Oklahoma, for Respondent.

OPINION

DARBY, C.J.:

Â¶1 The Supreme Court of Oklahoma possesses original, exclusive, and nondelegable jurisdiction to control and regulate the practice of law, licensing, ethics, and discipline of attorneys. 5 O.S.2011, Â§ 13; Rules Governing Disciplinary Proceedings (RGDP) 1.1, 5 O.S.2011, ch.1, app. 1-A. Summary disciplinary proceedings are commenced by submission of certified copies of the indictment or information and the order of conviction or deferred sentence to the Chief Justice of this Court. RGDP 7.2. A deferred sentence is conclusive evidence of the attorney's commission of the criminal act upon which the sentence is based. Id.

Â¶2 The Oklahoma Bar Association initiated this summary disciplinary proceeding on February 23, 2021, by filing a notice of criminal conviction against Respondent pursuant to RGDP 7.1 and 7.2. The notice attached an Information showing that on October 28, 2019, Respondent was charged in Oklahoma County District Court Case No. CF-2019-4488 with intentional failure to file a state income tax return with intent to evade payment of state income taxes, a felony, under 68 O.S.2011, Â§ 2376(A). The charges were reduced to one misdemeanor charge of Failure to File a Tax Return, pursuant to 68 O.S.2011, Â§ 240(a). And on February 4, 2021, Respondent entered an Alford plea to a two-year deferred sentence ending February 3, 2023, or until the prior payment agreement between Coleman and the Oklahoma Tax Commission was paid in full.

Â¶3 In her motion to accelerate her sentence filed before the district court, Coleman attached a letter from the Oklahoma Tax Commission regarding her payment in full of the Oklahoma Tax Commission Agreement referenced in her deferred sentence. Coleman's Resp. to Show Cause, Ex. 17. In that letter, the Tax Commission noted that Coleman still had an outstanding joint tax liability of over ten thousand dollars which Coleman remained jointly liable for from tax years 2015 and 2016. The State objected to the motion to accelerate based on Coleman's outstanding tax liability. But on April 19, 2021, the district court determined that Coleman had completed the terms of the deferred sentence and modified its original order to a deferred sentence ending immediately upon the filing of the new order and dismissed and expunged the cause of action.

Â¶4 In a RGDP 7 proceeding, the Court evaluates the particular criminal act for which the respondent was convicted or received a deferred sentence in order to determine whether it demonstrates an unfitness to practice law, and if so, impose the appropriate discipline. State ex rel. Okla. Bar Ass'n v. Drummond, 2017 OK 24, Â¶ 19, 393 P.3d 207, 214. We must first determine whether a Failure to File a Tax Return, pursuant to 68 O.S.2011, Â§ 240(a), demonstrates an unfitness to practice law and, if so, we must then determine the appropriate discipline to impose.[1] Our decisions in RGDP 7 disciplinary cases are guided by Rule 8.4 of the Oklahoma Rules of Professional Conduct (ORPC). ORPC 8.4(b) defines as professional misconduct any criminal act that adversely reflects on an attorney's "honesty, trustworthiness, or fitness as a lawyer." State ex rel. Okla. Bar Ass'n v. Dunivan, 2018 OK 101, Â¶ 17, 432 P.3d 1056, 1062.

Â¶5 We have previously found that the willful failure to file an income tax return demonstrates the practitioner's unfitness to practice law within the meaning of RGDP 7.1. State ex rel. Okla. Bar Ass'n v. Livshee, 1994 OK 12, Â¶ 8, 870 P.22d 770, 774. And we have specifically held that violation of title 68, section 240(a) reflects adversely on fitness to practice law within the meaning of ORPC 8.4. State ex rel. Okla. Bar Ass'n v. Gann, 1995 OK 48, Â¶ 2, 895 P.2d 726, 727. In her brief before this Court, Coleman admits that "[t]here has never been any question that [she] violated Rule 8.4(B), ORPC, and Rule 1.3 RGDP and the ultimate question for the Court is what discipline should be imposed." Coleman Br. 5.

Â¶6 On June 10, 2019, the Trial Panel filed its report. The Trial Panel found that Coleman has an undergraduate degree in accounting and worked multiple jobs in accounting or finance following college. Coleman then received a master's degree in business administration and taught business and math classes at a local university. The Trial Panel found that Coleman's "educational background and employment prior to the practice of law exhibit[ed] a heightened knowledge and awareness of her obligation to timely file her income tax returns as well as the consequences of failing to do so." Trial Panel Report 2. The Trial Panel noted that Coleman was a practicing private lawyer from April 2010 until she was sworn in as a District Judge for the District Court of Oklahoma County in January 2019.

Â¶7 The Trial Panel noted that in December 2019, Coleman was publicly reprimanded by this Court for claims that were initiated by the Council on Judicial Complaints, which included delinquent state and federal income taxes. Trial Panel Report 3; see In re Disciplinary Proceedings Concerning Coleman, 2019 OK 77, Â¶ 9, 454 P.3d 1280, 1284. But this Court deferred final discipline relating to Coleman's criminal charges in Oklahoma County District Court Case No. CF-2019-4488, until resolution of that criminal case. Trial Panel Report 3; see In re Disciplinary Proceedings Concerning Coleman, 2019 OK 77, Â¶ 17, 454 P.3d at 1284. On September 18, 2020, the Court on the Judiciary removed Coleman from office based on misconduct while serving as a district judge. And on February 4, 2021, Coleman entered her Alford plea in the criminal case.

Â¶8 The Trial Panel found that "[w]hile testifying before the Tribunal, [Coleman] did not convey a genuine sense of remorse for her conduct and its reflection on the practice of law." Trial Panel Report 4. The Trial Panel further found that Coleman understood her Alford plea would be considered a guilty plea under this Court's rules. The Trial Panel recognized that Coleman has repaid her outstanding state income taxes and the fees and fines associated with her criminal case, but that her conduct reflects adversely on the practice of law. The Trial Panel unanimously recommended that Coleman receive a public reprimand as discipline and be ordered to pay the costs of this proceeding.

Â¶9 While discipline is determined on a case-by-case basis, we consider the discipline imposed in our previous decisions concerning like misconduct in order to determine the proper imposition of discipline. State ex rel. Okla. Bar Ass'n v. Friesen, 2015 OK 34, Â¶ 23, 350 P.3d 1269, 1274--75. In Gann, 1995 OK 48, 895 P.2d 726, an attorney entered a nolo contendere plea to four counts of violation of the same statute as Coleman and received a public reprimand. In State ex rel. Oklahoma Bar Ass'n v. Strickland, 2011 OK 54, 256 P.3d 76, an attorney pled guilty to and was sentenced for willful failure to file an income tax return for one year's taxes and received a public reprimand. In Livshee, 1994 OK 12, Â¶ 14, 870 P.2d 770, an attorney pled guilty to one misdemeanor count for willful failure to file taxes and received a two-year criminal suspended sentence, the attorney was suspended from the practice of law for the period of interim suspension until the pronouncement of final discipline, approximately five months. In Friesen, 2015 OK 34, 350 P.3d 1269, an attorney pled guilty to three misdemeanor counts for willful failure to pay taxes and was suspended for the period of interim suspension until the pronouncement of final discipline, approximately seven months. Finally, in State ex rel. Oklahoma Bar Association v. Spradling, 2009 OK 39, 213 P.3d 570, an attorney was convicted of one misdemeanor count of failure to file an income tax return and was suspended for the period beginning with the order of interim suspension until the pronouncement of final discipline, approximately 16 months.

Â¶10 We may consider mitigating circumstances to assess the appropriate measure of discipline. State ex rel. Okla. Bar Ass'n v. Durland, 2003 OK 32, Â¶ 15, 66 P.3d 429, 432. Respondent noted that she had 11 years of service as an attorney prior to this disciplinary proceeding without discipline for her work as a lawyer. Before the Trial Panel, Coleman expressed remorse and apologized for the disrepute that her conduct brought upon herself, the Bar, and the courts. She also admitted her tax return was not timely filed and accepted responsibility. But this admission was tapered by her explanation on accepting responsibility that: "it's my tax return. It's my responsibility to make sure even when I've hired someone else to follow up and make sure they're doing their job, it reflects on me." Tr. 91.

Â¶11 "Intentional deviation from the prescribed standards of ethical conduct gives greater cause for concern than mere negligence." State ex rel. Okla. Bar Ass'n v. Jaques, 2000 OK 57, Â¶ 26, 11 P.3d 621, 625. The evidence presented to the Trial Panel showed that Coleman knew, or had reason to know, that her taxes were not filed and failed to take action until such time as it was beneficial to her. Based on Coleman's unique knowledge of accounting, her failure to respond to the person she hired when they attempted to contact her to obtain the information they needed to file her tax return, and her entering an Alford plea,[2] we find the circumstances do not mitigate Coleman's criminal act. Further, this Court is troubled by the evidence put before it in this matter that Coleman has yet to extinguish her substantial tax liability to the state of Oklahoma for which she is jointly liable.

Â¶12 Appropriate discipline is that which (1) is "consistent with the discipline imposed upon other lawyers who have committed similar acts of professional misconduct and (2) avoids the vice of visiting disparate treatment of an offending lawyer." State ex rel. Okla. Bar Ass'n v. Schraeder, 2002 OK 51, Â¶ 6, 51 P.3d 570, 574. While each situation involves unique transgressions and mitigation, we find that public reprimand is the appropriate discipline here in order to alert the public and profession that the Court regards this as serious misconduct and to be in accordance with precedent.

Â¶13 The Bar has asked this Court to assess costs in the amount of $2,157.95. RGDP 6.16 provides that where violations are proven, the costs shall be surcharged against the disciplined lawyer, unless remitted in whole or in part by the Supreme Court for good cause shown, and shall be paid within ninety days of the effective date of the opinion. Coleman had no objection to the motion to assess costs. We grant the Bar's motion and order Coleman to pay the full costs of this proceeding.

Â¶14 Upon de novo review of Coleman's criminal act, we find it demonstrates her unfitness to practice law and publicly reprimand Coleman. Coleman is ordered to pay the costs of this disciplinary proceeding in the amount of $2,157.95.

RESPONDENT PUBLICLY REPRIMANDED; COSTS ASSESSED.

Darby, C.J., Kane, V.C.J., Winchester, Gurich, Rowe and Kuehn, JJ., concur;

Kauger and Combs, JJ., concur in part; dissent in part;

Â 

Combs, J., concurring in part and dissenting in part:

"I would impose a private reprimand."

Â 

Edmondson, J., disqualified.

Â 

FOOTNOTES

[1] Section 240(a) states:

Any taxpayer who, due to intentional disregard of any state tax law, but without intent to defraud, shall fail or refuse to file any report or return required to be filed pursuant to the provisions of any state tax law, or shall fail or refuse to furnish a supplemental return or other data required by the Tax Commission, shall be guilty, upon conviction, of a misdemeanor and shall be punished by a fine of not exceeding Five Thousand Dollars ($5,000.00) or by imprisonment in the county jail for not more than one (1) year, or by both said fine and imprisonment.

68 O.S.2011, Â§ 240(a).

[2] "The defendant pleading 'Alford'. . . does not admit to committing the acts charged against him or her. But unlike a no contest plea, the defendant pleading 'Alford' goes one further and actually denies committing the acts." Martin v. Phillips, 2018 OK 56, Â¶ 10, 422 P.3d 143, 150 (Darby, J., concurring in part dissenting in part).