STATE of Oklahoma, ex rel. OKLA-
HOMA BAR ASSOCIATION,
Complainant,

v.

Randle L. GRAHAM, Jr., Respondent.

OBAD No. 700.
SCBD No. 3275.

Supreme Court of Oklahoma.

Oct. 17, 1989.

ORDER

Upon consideration of the agreed recommendation for discipline submitted by the Oklahoma Bar Association, complainant, Randle L. Graham, Jr., respondent, and the Professional Responsibility Tribunal, in the above styled and captioned cause, THE COURT FINDS:

(1) The complainant and the respondent have agreed to certain stipulations and recommendations for the disposition of this matter which have been approved by the Professional Responsibility Tribunal. The stipulations filed in this cause by the parties are incorporated herein and made a part of this order. See Appendix A. (2) The respondent engaged in illegal conduct involving moral turpitude, fraud, misrepresentation and conduct that was prejudicial to the administration of justice in violation of 5 O.S. 1981 Ch. 1, App. 3, DR 1–102(A)(1)(3), (4), (5), (6); acquired a proprietary interest in property that was the subject matter of litigation in violation of 5 O.S. 1981 Ch. 1, App. 3, DR 5–103(A); neglected a legal matter entrusted to him in violation of 5 O.S. 1981 Ch. 1, App. 3, DR 6–101(A)(2), (3); and failed to seek the lawful objectives of his client through reasonably available means in violation of 5 O.S. 1981 Ch. 1, App. 3, DR 7–101(A).

(3) The respondent should be suspended from the practice of law for a period of one year from the date of this order. (4) As a condition precedent to reinstatement, the respondent shall pay the costs of all proceedings.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court that the respondent be suspended from the practice of law in the State of Oklahoma for a period of one year and that the respondent pay the costs of all proceedings.

HARGRAVE, C.J., and HODGES, LAVENDER, ALMA WILSON, KAUGER and SUMMERS, JJ., concur.

DOOLIN, J., concur in part, dissent in part.

OPALA, V.C.J., not participating.

SIMMS, J., not voting.

APPENDIX A

PROPOSED STIPULATIONS OF FACT AND CONCLUSIONS OF LAW WITH AGREED RECOMMENDATION FOR DISCIPLINE

COME NOW the State of Oklahoma, ex rel. Oklahoma Bar Association, Complainant herein, by and through its Assistant General Counsel, Thomas C. Riesen, and

Randle L. Graham, Jr., Respondent, by and through his attorney, Howard K. Berry, Jr., and submit the following proposed stipulations of fact and conclusions of law, together with an agreed recommendation for discipline to the Professional Responsibility Tribunal and the Supreme Court of the State of Oklahoma. The parties stipulate and agree as follows:

1. Randle L. Graham, is now, and was at all times hereinafter, an attorney duly licensed to practice law by the Supreme Court of the State of Oklahoma and thereby a member of the Oklahoma Bar Association.

2. Respondent has committed certain and specific acts which constitute professional misconduct and are cause for discipline as provided in the Rules Governing Disciplinary Proceedings, 5 O.S. Ch. 1, App. 1–A (1981), adopted and promulgated by the Supreme Court of the State of Oklahoma; and in violation of the Code of Professional Responsibility, 5 O.S. Ch. 1, App. 3 (1981), which is the standard of conduct for all attorneys to practice law in the State of Oklahoma; said acts being hereinafter set forth.

3. The proceedings herein are commenced pursuant to Rule 6, Rules Governing Disciplinary Proceedings.

4. The official roster address of the Respondent as shown by the records maintained by the Oklahoma Bar Association is as follows: Randle L. Graham, Attorney at Law, 2605 Dorchester Drive, Oklahoma City, Oklahoma 73120.

### AGREED FINDINGS OF FACT AS TO COUNT I

5. On or about October 21, 1980, Suzanne McCrary contacted Respondent herein requesting that Respondent prepare a brief in support of a petition in error which had previously been filed by another attorney to appeal a divorce action of Suzanne McCrary and one Mark McCrary.

6. In consideration of said legal services, on January 19, 1981, Respondent had Suzanne McCrary convey real property located at 2604 Dorchester Dr., Oklahoma City, Oklahoma, to one Mark Stallings who was at the time, Respondent's brother-in-law. Title to said property had been awarded to Suzanne McCrary in the abovementioned divorce action upon which Respondent was to prepare the appeal brief and therefore, was the subject matter of the appeal.

Said conveyance to Stallings was actually to Respondent in that Stallings claimed no interest in the property.

7. On May 18, 1982, approximately 16 months after the property was conveyed to Mark Stallings, the deed was recorded in the Oklahoma County Clerk's Office.

8. Respondent herein, Randle L. Graham, Jr., did prepare the appeal brief attempting to uphold the property award and reverse a ruling awarding custody of the minor children to Mark McCrary. The judgment of the trial court was affirmed as to all relevant issues in this proceeding.

9. In March, 1981, a foreclosure action was instituted against the subject property herein, and a hearing was held before Judge David L. Cook of the Oklahoma County District Court. Respondent appeared representing Suzanne McCrary in resisting the foreclosure action without revealing to the Court that Respondent herein was the true owner of the property in question. In September, 1983, an agreed Journal Entry of Judgment was entered in favor of the mortgage holder and the property was ordered sold to satisfy said judgment.

10. On December 6, 1983, the professional relationship between Respondent herein and his client, Suzanne McCrary, terminated.

11. On December 19, 1983, Mark Stallings, brother-in-law of Respondent herein, who had held property for benefit of Respondent, conveyed title to the property to Randle L. Graham, Jr. The deed was recorded on December 20, 1983. On December 21, 1983, after previously representing Suzanne McCrary in the foreclosure action when in fact Suzanne McCrary at that time did not have title to the real property in question and said fact was not revealed to

the court, Randle Graham filed a petition to vacate judgment in the foreclosure action on behalf of himself as the true owner of the property.

12. On July 3, 1984, a hearing was held before Judge David M. Cook on Respondent's petition to vacate judgment entered in December, 1983 as to the foreclosure action. At this hearing testimony was taken from Respondent as well as all other parties to the foreclosure action. The testimony revealed the conveyance to Mark Stallings was for the purpose of Stallings holding title for Respondent Graham. In addition, testimony revealed at all times, Graham was the true owner of the property.

13. The Court found Respondent was in violation of the Code of Professional Responsibility in that Respondent did deal with the client's property, which was the subject matter of the litigation in the divorce case appealed to the Supreme Court. The Court found that there was a failure of consideration in the deed from Suzanne McCrary to the Respondent herein. The Court found Respondent owed a fiduciary duty to his client which was subsequently breached in that no equal bargaining power between the client and the attorney had been established.

14. The Court further found in its decision of July 3, 1984, that Respondent herein did practice a fraud on the Supreme Court of the State of Oklahoma by failing to inform the Court that Suzanne McCrary was not the owner of the real property in question but in fact, that Suzanne McCrary's attorney, Respondent herein, was the true owner of the property.

15. In a hearing held September 21, 1984, Judge David L. Cook further found that Respondent practiced actual fraud upon his former client, Suzanne Denise McCrary, and that Respondent acted in bad faith against his former client vexatiously, wantonly and for oppressive reasons.

16. Judge Cook further found that Respondent herein practiced fraud on the District Court in failing to reveal that he, the attorney for the defendant in an action, was the real party in interest, after acquiring title to real property which was the subject matter of litigation. The Court found Respondent had deceived the court and concealed the fact of ownership until after judgment had been entered in the case, and only then revealed he was the real party interest for the first time.

17. That Respondent did consciously and intentionally acquire an interest in the pending litigation. That Respondent failed to reveal that he was the real party in interest in the action.

### AGREED CONCLUSIONS OF LAW

18. It is agreed and stipulated between the parties that said conduct by Respondent violated the mandatory provisions of Canon 1, DR 1–102(A)(1)(3)(4)(5) and (6); Canon 5, DR 5–103(A); DR 7–101(A)(3)(4)(5)(6) and (8), of the Code of Professional Responsibility and constitutes grounds for professional discipline.

### AGREED FINDINGS OF FACT AS TO COUNT II

19. In March, 1979, one Bebe Williams retained Respondent Randle L. Graham, Jr. to collect a default judgment on a contingency fee basis. Respondent herein failed to preserve the right of the plaintiff to collect the judgment and further failed to execute on said judgment thereby allowing said default judgment to lapse to the detriment of Respondent's client.

20. Respondent failed to represent his client in the matter by allowing said judgment to lapse therefore, precluding said client from collecting the judgment.

21. That said conduct by Respondent is in violation of Canon 1, DR 1–102(A)(1); Canon 6, DR 6–101(A)(2)(3); Canon 7, DR 7–101(A)(1) of the Code of Professional Responsibility and constitutes grounds for professional discipline.

### AGREED CONCLUSIONS OF LAW AS TO COUNT II

22. It is agreed and stipulated between the parties that Respondent's conduct violated the mandatory provisions of Canon 1,

DR 1–102(A)(1); Canon 6, DR 6–101(A)(2), (3); and Canon 7, DR 7–101(A)(1) of the Code of Professional Responsibility and constitutes grounds for professional discipline.

## AGREED MITIGATION

23. It is agreed and stipulated between the parties Respondent has been a member of the Oklahoma Bar Association since 1978, and has not been previously disciplined.

## AGREED RECOMMENDATION FOR DISCIPLINE

24. It is agreed and stipulated between the parties as discipline in the above-referenced matter, that Randle L. Graham, Jr., Respondent herein, be suspended from the practice of law for a period of one (1) year.

25. Additionally, it is agreed and stipulated between the parties that Respondent should be liable for the costs of this disciplinary proceeding and such costs shall be paid by Respondent as a condition of Respondent's reinstatement to the practice of law.

26. It is agreed and stipulated between the parties that if these stipulations are not approved by the Trial Panel of the Professional Responsibility Tribunal and the Supreme Court of Oklahoma, they are withdrawn.

The above and foregoing stipulations with agreed recommendation for discipline are approved for submission to the Professional Responsibility Tribunal and the Supreme Court of the State of Oklahoma this 18th day of July, 1989.

    (s) Thomas C. Riesen
       Thomas C. Riesen, Asst. General
        Counsel, OBA # 11488
       Oklahoma Bar Association
       Attorney for Complainant
    (s) Randle L. Graham
       Randle L. Graham, Jr.
       Respondent
    (s) Howard K. Berry, Jr.
       Howard K. Berry, Jr., OBA # 753
       Attorney at Law
       Attorney for Respondent

The above and foregoing Proposed Stipulations With Agreed Recommendation For Discipline having been approved by the respective parties for submission to the Professional Responsibility Tribunal; the same are hereby accepted and approved and hereby ordered to be made a part of the record herein, to be forwarded to the Supreme Court, and same shall be binding upon the parties hereto, pending the final order of discipline from the Supreme Court of the State of Oklahoma.

    (s) Michael C. Stewart
       Michael C. Stewart
       Presiding Master
    (s) Kevin Gassaway
       Kevin Gassaway, Lawyer-member
    (s) Clyde Wyant, Jr.
       Clyde Wyant, Jr., Lay-member