2003 OK 13

**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Jami Lynn STEWART, Respondent.**

**SCBD No. 4745.**

Supreme Court of Oklahoma.

Feb. 11, 2003.

Rehearing Denied June 10, 2003.

Loraine Dillinder Farabow, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, OK, for Complainant.

Mack K. Martin, Oklahoma City, OK, for Respondent.

HODGES, J.

¶ 1 The issues before this Court are: (1) Whether the record before this Court is sufficient for this Court's review of the charges against the respondent and for disposition, and (2) What is the appropriate discipline. We find that the record is sufficient for a meaningful review and that the appropriate discipline is a four-year suspension.

¶ 2 This disciplinary proceeding is before this Court under rule 7 of the Rules Governing Disciplinary Proceedings (RGDP), Okla. Stat. tit. 5, ch.1, app. 1–A (2001). The respondent, Jami Lynn Stewart, was convicted of a crime in the United States District Court for the Western District, was suspended from the practice of law for five years in the United States Bankruptcy Court for the Western District of Oklahoma, and was suspended from the practice of law for three years in the United States Bankruptcy Court for the Eastern District of Texas. In her objection to the presentencing investigative report, Ms. Stewart states that she has been reciprocally suspended or disbarred from the United States District Courts for the Eastern District, the Northern District, and the Southern District of Texas and from the United States District Court for the Western District of Oklahoma.

¶ 3 Rule 7 of the RGDP provides for summary disciplinary proceedings before this Court. Rules 7.1 through 7.5 deal specifically with discipline of a lawyer who has been convicted of a crime. Rule 7.2 provides for the transmission to this Court of certified copies of the indictment or the information and the judgment and sentence of a lawyer's conviction. Rule 7.2 further provides: "Such documents, whether from this jurisdiction or any other jurisdiction, shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules." Pursuant to rule 7.2, the information and the judgment from the conviction in the Western District of Oklahoma have been filed with this Court.

¶ 4 Rule 7.7 of the RGDP addresses reciprocal discipline. Rule 7.7 directs the General Counsel for the Oklahoma Bar Association (OBA) to submit to this Court a certified copy of a lawyer's adjudication of misconduct in the highest court of another state or a federal court. The certified copy of the adjudication constitutes the charge against the lawyer in this Court and is *prima facie* evidence that the lawyer committed the acts of misconduct. In addition to the documents submitted from the Western District of Oklahoma, the OBA has submitted a copy of the adjudication of misconduct for the Eastern District of Texas.

¶ 5 Under rules 7.4 and 7.7(b), a lawyer may submit a brief and evidence to explain the conduct and mitigate the severity of discipline. Pursuant to these rules, Ms. Stewart has submitted a brief, a copy of the plea agreement entered into by Ms. Stewart, a presentence investigation report, and Ms. Stewart's objection thereto. These documents were attached to the joint brief filed by the OBA and Ms. Stewart.

¶ 6 The OBA may not supplement the record in summary proceedings for a criminal conviction with evidentiary materials outside those strictly allowed under rule 7.2, the indictment or information and the judgment and sentence. If the OBA wishes to rely on facts other than those supported by these documents or make additional charges, the Professional Responsibility Commission may initiate proceedings, in which case copies of the record and transcripts of testimony and evidence from the criminal action are admissible pursuant to rule 7.6 of the RGDP.

I. FACTS

¶ 7 In addition to the documents discussed above, the parties stipulated to other facts. On July 13, 2000, the respondent, Jami Lynn Stewart, was suspended from the practice of law for three years in the United States Bankruptcy Court for the Eastern District of Texas. The suspension was based on an agreement between Ms. Stewart and the bankruptcy trustee. Ms. Stewart had failed to disclose her attorney fees in at least four bankruptcy proceedings in the Eastern Dis-

trict as required by title 11, section 329 of the United States Code. Although her lawyer discussed the suspension with the OBA's General Counsel, Ms. Stewart failed to formally notify the OBA of the suspension. After receiving information from the United States Department of Justice, on September 25, 2001, the General Counsel's office filed a letter with this Court pursuant to rule 7.7 of the RGDP. Ms. Stewart was ordered to show cause why she should not be disciplined by this Court for her suspension in the bankruptcy court for Texas' Eastern District and for failing to inform the OBA of her suspension.

¶ 8 Ms. Stewart responded that she was unaware of her obligation to formally notify the OBA of her suspension and that her attorney had discussed the matter with the General Counsel's office. Ms. Stewart argued that her acts in the bankruptcy proceedings were unintentional and that a similarly situated attorney licensed in Texas would not be further disciplined by the Texas Bar Association.

¶ 9 Then on December 5, 2001, the OBA filed a motion to stay the proceedings. The motion was based on the OBA's anticipation that it would file additional disciplinary charges against Ms. Stewart. This Court granted the motion.

¶ 10 On August 6, 2002, the OBA's General Counsel sent a second letter to this Court informing it of additional charges against Ms. Stewart. Attached to the letter was a certified copy of a judgment and sentence dated May 21, 2002, and entered in the United States District Court for the Western District against Ms. Stewart for failure to file a tax return for 1996 and for contempt for willfully failing to disclose her fees in a bankruptcy proceeding in violation of Bankruptcy Rule 2016(b). Ms. Stewart was sentenced to four years probation and ordered to pay $600.00 in restitution. She was to remain under home confinement until about December 5, 2002. In the plea bargain agreement, Ms. Stewart agreed to a five-year suspension in the United States Bankruptcy Court for the Western District of Oklahoma. The criminal judgment and sentence was entered pursuant to a plea bargain agreement.

¶ 11 On September 20, 2002, this Court entered an order of interim suspension pursuant to rule 7.3 directing Ms. Stewart to show cause, if any, why the order of interim suspension should not be set aside. She did not challenge the interim suspension.

¶ 12 The failure to file a 1996 tax return was the basis of count one of her conviction. Additionally, Ms. Stewart has stipulated that she failed to file an income tax return for 1997 and, as a result, owed the IRS approximately $19,566.00 in taxes. She now has an agreement with the IRS to pay the tax debt.

¶ 13 Count two of the conviction was for contempt for violating section 329 of title 11 of the United State Code which required that Ms. Stewart disclose her fees in bankruptcy proceedings. In the plea bargain agreement, Ms. Stewart admitted to knowingly and willfully disobeying section 329. The facts underlying the contempt conviction are Ms. Stewart took $360.00 as a retainer from Mr. and Mrs. McElroy. She paid the $160.00 filing fee, kept the remaining $200.00 for legal fees, and reported to the bankruptcy court that she had received $0.00 in legal fees. The evidence shows that Ms. Stewart's failed to disclose fees in at least three other bankruptcy proceedings in the Western District of Oklahoma. This is the same misconduct which precipitated her suspension in the bankruptcy court in Texas. In the joint response brief filed by the OBA and Ms. Stewart, she admits that federal agents investigating the matter estimated that she had received approximately $30,000.00 in undisclosed fees. She has made restitution of about $30,000.00 to her bankruptcy clients.

## II. MITIGATING FACTORS

¶ 14 The following factors are offered for purposes of mitigation of discipline. Ms. Stewart has acknowledged her wrongful conduct by pleading guilty to the charges against her, understands the seriousness of the misconduct, and has expressed remorse. She voluntarily made restitution of about $30,000.00 to her clients. Ms. Stewart cooperated with the OBA's investigation and has not been previously disciplined.

¶ 15 Ms. Stewart also offers other factors for purposes of mitigation. Ms. Stewart complied with the order of the United States Bankruptcy Court for the Eastern District of Texas to sell her law practice in Texas. She voluntarily closed her office in Oklahoma after adversarial proceedings were initiated against her in the bankruptcy court in Oklahoma. We consider this last two factors as evidence that Ms. Stewart has accepted responsibility for her misconduct. We also note the letters of support presented to the federal court during the criminal proceedings and Ms. Stewart's loss of income.

## III. FAILURE TO COMPLY WITH RULE 7.7(a)

¶ 16 Rule 7.7(a) requires a lawyer to inform the OBA's General Counsel within twenty days of a final order of discipline imposed by another jurisdiction. Rule 7.7(a) does not require any particular mechanism for conveying the information. Ms. Stewart contends, and there is no evidence otherwise, that her lawyer talked to the General Counsel concerning her discipline in the Eastern District of Texas. There is likewise no evidence that this was not done within the twenty-day period. The record is insufficient to discipline Ms. Stewart for a violation of rule 7.7(a). However, the better practice is to inform the General Counsel in writing of discipline by another jurisdiction.

## IV. DISCIPLINE

¶ 17 Ms. Stewart argues that the appropriate discipline is a public censure or, in the alternative, a suspension of no more than six months backdated to September of 2000, the time when she states that she had "effectively closed her law practice." In support of her position, Ms. Stewart cites *State ex rel. Oklahoma Bar Ass'n v. Allder*, 2002 OK 33, 48 P.3d 794 (public censure for failure to disclose expenses in a bankruptcy), *State ex rel. Oklahoma Bar Ass'n v. Gann*, 1995 OK 48, 895 P.2d 726 (public censure for failure to file a income tax return), *State ex rel. Oklahoma Bar Ass'n v. Livshee*, 1994 OK 12, 870 P.2d 770 (interim suspension sufficient to serve disciplinary goals), and *State ex rel. Oklahoma Bar Ass'n v. Badger*, 1995 OK

113, 912 P.2d 312 (suspension backdated to date attorney closed practice). The cases cited by Ms. Stewart are distinguishable in that they do not involve both reciprocal discipline based on a pattern of misconduct and discipline based on a criminal conviction.

¶ 18 The OBA recommends at least a six-month suspension as the proper discipline. The OBA relies on *State ex rel. Oklahoma Bar Ass'n v. Graham*, 1989 OK 133, 781 P.2d 829 (one-year suspension for fraudulent conduct involving a tribunal and other misconduct), and *State ex rel. Oklahoma Bar Ass'n v. Todd*, 1992 OK 81, 833 P.2d 260 (six-month suspension for failing to inform the court that damages had been paid).

¶ 19 Because a license to practice law is conferred for the benefit of the public, the goal of the discipline is to safeguard the public's interest, the judiciary, and the legal profession and to promote the integrity of the judicial system and process. *State ex rel. Oklahoma Bar Ass'n v. Patterson*, 2001 OK 51, ¶ 29, 28 P.3d 551, 560. With this purpose in mind, we must weigh all relevant factors including those that mitigate the severity of discipline and those that justify severe sanctions. *State ex rel. Oklahoma Bar Association v. Tweedy*, 2000 OK 37, ¶ 48, 52 P.3d 1003, 1012–13. The discipline imposed should be consistent with that imposed for similar acts of misconduct. *Patterson*, 2001 OK 51 at ¶ 29, 28 P.3d at 560.

¶ 20 Because the facts before this Court are particularly unique, we find little guidance from our past decisions. Ms. Stewart has entered into agreed suspensions in other jurisdictions, one for three years and the other for five years. She is currently serving a four-year probation. Being mindful that one of the purposes of discipline is to promote the integrity of the judicial system, we find that the appropriate discipline is a four-year suspension. Allowing a lawyer to engage in the practice of law during a criminal sentence would severely undermine the integrity of the judicial system.

¶ 21 Based on Ms. Stewart's misconduct, the criminal conviction, and the mitigating circumstances, we find that disciplinary goals are best met by the imposition of a four-year suspension from the practice of law to begin retroactive to September 20, 2002, the date

of her temporary suspension. The OBA has not sought the payment of costs in this disciplinary action. It is therefore ordered that Jami Lynn Stewart is suspended from the practice of law for four years to be retroactive from September 20, 2002.

RESPONDENT SUSPENDED FOR FOUR YEARS RETROACTIVE TO SEPTEMBER 20, 2002.

¶ 22 WATT, C.J., HARGRAVE, BOUDREAU and WINCHESTER, JJ., concur.

¶ 23 LAVENDER, J., concurs in part; dissents in part.

I would suspend respondent for two years and one day effective with the finality of this opinion.

¶ 24 SUMMERS, J., with whom KAUGER, J. join, concur in part; dissent in part.

I would make respondent's suspension to run concurrent with her probation in the Federal District Court to end May 22, 2006.

¶ 25 OPALA, J., dissents.

I dissent from making respondent's suspension run from September 20, 2002. I would disbar the respondent effective from the date today's pronouncement becomes final.