2012 OK 71

### STATE of Oklahoma, ex rel., OKLAHOMA BAR ASSOCIATION, Complainant,

v.

### George Wayne OLMSTEAD, Respondent.

### SCBD No. 5843.

Supreme Court of Oklahoma.

Sept. 10, 2012.

Gina L. Hendryx, Assistant General Counsel, Oklahoma Bar Association, Oklahoma City, Oklahoma, for Complainant.

Stephen Jones, Jones, Otjen & Davis, Enid, Oklahoma, for Respondent.

COMBS, J.

¶1 The issues in this original proceeding for attorney discipline are: (1) whether the record before this Court is sufficient for review of the charges against the respondent and for disposition, and (2) what is the appropriate discipline. We find the record is sufficient for a meaningful review and the appropriate discipline is suspension from practice of law for one year.

## I. BACKGROUND

¶2 This disciplinary proceeding is before this Court pursuant to Rule 7 of the Rules Governing Disciplinary Proceedings (RGDP), 5 O.S. 2001, ch. 1, app. 1–A. Rule 7 provides for summary disciplinary proceedings before this Court. Rules 7.1 through 7.5 deal specifically with discipline of a lawyer who has been convicted of a crime. Pursuant to Rule 7.2, the complainant, Oklahoma Bar Association (OBA), by a March 6, 2012 letter, notified this Court that respondent, George Wayne Olmstead, (hereinafter Olmstead) had been convicted of the crime of violation of the Oklahoma Computer Crimes Act in violation of 21 O.S. § 1953(A)(3) This statute provides:

A. It shall be unlawful to:

3. Willfully exceed the limits of authorization and damage, modify, alter, destroy, copy, delete, disclose or take possession of a computer, computer system, computer network or any other property;

B. Any person convicted of violating paragraph 1, 2, 3, 6, 7 or 9 of subsection A of this section shall be guilty of a felony punishable as provided in Section 1955 of this title.

*Id.* Materials attached to the letter included the plea of no contest and summary of facts and Order Deferring Imposition of Judgment and Sentence.

¶3 Olmstead entered into a plea agreement and pled no contest to the crime of violation of the Oklahoma Computer Crimes Act in violation of 21 O.S. § 1953(A)(3).[1] The trial court deferred the imposition of sentencing until the 10th day of January 2013 and Olmstead was placed on probation and

---

1. The original information charged 19 counts of downloading obscene material was amended to a single count of improper use of a computer under 21 O.S. § 1953(A).

ordered to complete a mental health evaluation and complete any follow up treatment. Under 7.2 of the RGDP, the documents submitted by the OBA constitute the charge and are "conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline...."

¶ 4 We observed the Journal Entry finding Olmstead guilty and deferring sentence to facially demonstrate Olmstead's unfitness to practice law. This Court suspended Olmstead from the practice of law on March 12, 2012. *See* RGDP at rule 7.3. In the same order, Olmstead was directed to show cause why the interim suspension should be set aside, to show cause why final discipline should not be imposed, to request a hearing if one was desired, to file a brief, and to present evidence tending to mitigate the severity of the discipline. Olmstead requested that the Interim Suspension be set aside which was denied on April 9, 2012. On April 11, Olmstead requested a hearing to offer mitigating evidence.

## II. FACTS

¶ 5 From the judgment, plea agreement, and Olmstead's own plea of no contest and other admissions, he actively participated in acts in violation of 21 O.S. § 1953(A)(3). In the plea of no contest summary of facts, Olmstead stated:

> On or about the 10th day of February, 2011 through the 23rd day of March, 2011 the crime of Violation of the Oklahoma Computer Crimes Act was committed in Harper County by the defendant George Wayne Olmstead who as the duly-elected and duly-qualified Associate District Judge for Harper County, Oklahoma; that prior to the date was issued a State E-mail address and provided a computer with internet access through the Oklahoma Computer Information System provided for his use in his judicial duties including the *Rules for Using the Oklahoma Court Information System* duly adopted and approved by the Supreme Court of Oklahoma which provides that each user will not download inappropriate material as describe in said *Rules,* and that George

> Wayne Olmstead did then and there did download, receive, obtain, and store thereafter certain inappropriate material contrary to the provision of Section 1953 of Title 21 of the Oklahoma Statutes and against the peace and dignity of the State of Oklahoma.

This misuse of State property resulted in his resignation from office and the plea of no contest previously stated. The trial panel suggested that public reprimand be the proper punishment for Mr. Olmstead. The Oklahoma Bar Association, however, urges public censure would be insufficient to protect the public confidence in the legal system suggesting Olmstead be suspended from the practice of law. Our review is *de novo* and we are not required to accept the recommended discipline. *State ex rel. Okla. Bar Ass'n v. Wilburn,* 2006 OK 50 ¶ 4, 142 P.3d 420, 422.

## III. MITIGATION AND ENHANCEMENT

¶ 6 Olmstead submits several factors mitigate his punishment. He had several friends and other attorneys testify as to his reputation as a competent lawyer. He treated the people before him with respect the testimony reflects. He was also a wonderful father and grandfather. Evidence was also presented as to the lack of legal representation in Harper County. Olmstead himself testified as to his history as a pilot in Vietnam. He testified that he received the Air Medal, twice received the Distinguished Flying Cross, a Bronze Star and the Army Commendation Medal of Honor. He was discharged from the U.S. Army as a Captain and returned to Harper County and helped operate the family farm/ranch. He received his bachelor's degree from Northwestern Oklahoma State University in 1984 and his Law Degree from the University of Oklahoma in 1987. He practiced law in Buffalo, Oklahoma for several years until the sitting Associate District Judge retired and then he ran for that office. He resigned his position as Associate District Judge as part of the plea agreement and now requests this Court to give him a public reprimand.

¶ 7 This Court does not agree that all the factors proposed by Olmstead are mitigating. The nature of the content and volume of the material downloaded by Olmstead cannot be minimized. The act of downloading adult sexually suggestive materials in tremendous volume on a State owned computer is a very serious offense which should not be minimalized. This misconduct violated the rules governing a lawyer's conduct, was egregious, an abuse of trust and brought great disrepute to the legal profession, and the judiciary. This information was widely reported and resulted in significant embarrassment to the legal profession and the judiciary.

¶ 8 The bare mitigating factors that he is a good lawyer and a good person cannot overcome the fact that he knowingly used his state-owned computer to download sensitive materials in tremendous volume for his personal use. His arguments that he has been punished enough by the loss of his job and public embarrassment is in fact not enough punishment for his lack of judgment and respect for the position he held. At a minimum, Respondent's conduct violated Rule 8.4(b) of the Oklahoma Rules of Professional Conduct, 5 O.S.2011, Ch.1, App. 3–A, which provides, "[i]t is professional misconduct for a lawyer to … commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects." His conduct also violated Rule 1.3 of the Rules Governing Disciplinary Proceedings, which provides:

> The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline.

These violations warrant significant discipline particularly in the absence of mitigating evidence or some explanation to lessen the discredit Respondent has brought on both the judiciary and legal profession.

## IV. PURPOSE OF LAWYER DISCIPLINE

¶ 9 A license to practice law is conferred for the public's benefit. *State ex rel. Okla. Bar Ass'n v. Stewart,* 2003 OK 13, ¶ 19, 71 P.3d 1, 4. The goal of lawyer discipline is to safeguard the public's interest, the judiciary, and the legal profession; to promote the integrity of the judicial system and process, *id.;* and to deter similar misconduct. *State ex rel. Okla. Bar Ass'n v. Benefield,* 2005 OK 75, ¶ 21, 125 P.3d 1191, 1195. The purpose of lawyer discipline is not to punish the offending lawyer. *State ex rel. Okla. Bar Ass'n v. Doris,* 1999 OK 94 at ¶ 37, 991 P.2d at 1025. This Court represents that every person who holds a license to practice law is worthy of the public's confidence in carrying out professional duties. *State ex rel. Okla. Bar. Ass'n v. Raskin,* 1982 OK 39, ¶ 16, 642 P.2d 262, 267. Although each disciplinary proceeding is unique, we are guided by the discipline imposed in similar cases. *Stewart,* 2003 OK 13, ¶ 19, 71 P.3d at 4.

## V. DISCIPLINE

¶ 10 Olmstead's conduct violated Rules of the Oklahoma Rules of Professional Conduct (ORPC), and Rules of the RGDP. There is no Oklahoma precedent directly on point. In *State ex rel. Oklahoma Bar Ass'n v. Eakin,* 1995 OK 106, 914 P.2d 644, this Court found that a former associate district judge engaged in extended ex parte communications with a litigant about material components of the merits of a pending proceeding while the respondent served as a judge presiding over that litigant's case. Two other counts charged against that respondent were found not to have been proven by clear and convincing evidence. The Court suspended the respondent from practice for one year and ordered payment of costs.

¶ 11 In *State ex rel. Oklahoma Bar Ass'n v. Haworth,* 1979 OK 34, 593 P.2d 765, the Court on the Judiciary removed the respondent from his office. The trial authority found violations existed in three of four counts against the respondent, concluding that (1) he had tampered with a jury list by substituting names of five individuals provided to him to be members of the jury panel in

place of five who were drawn as members of the panel; (2) that he had operated a loan business from his chambers using court staff and public facilities; and (3) that he had entered into an illegal agreement in which he provided lenient and special treatment to a convicted felon, in exchange for which the felon's father campaigned for the district attorney, who was subsequently reelected by a narrow margin. This Court did not find the respondent's conduct regarding Count 2 to be prejudicial to the administration of justice as there was no allegation or evidence of fraud or dishonesty. Under Counts 1 and 3 the trial authority recommended disbarment, but acknowledged that suspension for two years would be acceptable. This Court suspended the respondent from the practice of law for two years.

¶ 12 In *State ex rel. Oklahoma Bar Ass'n v. James*, 1969 OK 119, 463 P.2d 972, a county judge on two occasions solicited bribes from an attorney. The Trial Authority recommended that the respondent be disbarred. See also *State ex rel. Oklahoma Bar Ass'n v. Lile*, 2008 OK 82, 194 P.3d 1275 and *State ex rel. Oklahoma Bar Ass'n v. Thompson*, 2008 OK 89, 194 P.3d 1281.

¶ 13 Past behavior being the best forecaster of future behavior, suspension for one year is the only discipline which will protect the public and restore integrity to the bar lost by Olmstead's misconduct. Although the citizens of Harper County may have limited access to local legal counsel as a result of this suspension, Olmstead's actions have brought such disrepute upon the legal profession and the judiciary that significant discipline is warranted.

## VI. CONCLUSION

¶ 14 Olmstead's misconduct violated the rules governing a lawyer's conduct, His actions were egregious, were an abuse of trust, brought great disrepute to the legal profession, and the judiciary. Suspension from the practice of law is the discipline which will accommodate the goals of lawyer disciplinary proceedings. George Wayne Olmstead is therefore suspended from practice for the period of one year. The costs of the proceedings in this disciplinary action in the amount of $2,212.01 are to be paid by the Respondent within ninety days from the day this opinion becomes final. The suspension is to be effective from, the date of this Court's order of immediate interim suspension, March 12, 2012.

**RESPONDENT SUSPENDED FROM PRACTICE FOR ONE YEAR FROM MARCH 12, 2012.**

¶ 15 CONCUR: COLBERT, V.C.J, KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, COMBS, GURICH, JJ.

¶ 16 RECUSED: TAYLOR, C.J.