2013 OK 22

**STATE of Oklahoma, ex rel, OKLAHOMA BAR ASSOCIATION, Complainant,**

v.

**Alexander L. BEDNAR, Respondent.**

**State ex rel. Oklahoma Bar Association**

v.

**Bednar.**

**SCBD No. 5927.**

Supreme Court of Oklahoma.

April 2, 2013.

Loraine Farabow, Oklahoma Bar Association, Oklahoma City, OK, for the Complainant.

Thomas C. Riesen, Oklahoma City, OK, for the Respondent.

WINCHESTER, J.

¶ 1 On September 27, 2012, the Oklahoma Bar Association (OBA) filed a letter and documentation with the Supreme Court related to Respondent's resignation pending disciplinary proceedings in the United States District Court for the Western District of Oklahoma and his suspension from the United States Tenth Circuit Court of Appeals for a minimum of one year. Under Rule 7.7(a) of the RGDP, attorneys are obligated to notify the General Counsel within 20 days of a final order of discipline in another jurisdiction and failure to do so is, in itself, grounds for discipline.

### Facts

¶ 2 On May 1, 2012, the Respondent sent a letter to Judge Heaton of the Western District, voluntarily resigning. His disciplinary matter had been set for hearing on April 20, 2012, but apparently he did not attend. This triggered disciplinary proceedings with the Tenth Circuit Court of Appeals. On June 1,

2012, the OBA notified the Respondent that they were also beginning an investigation.

¶ 3 On July 2, 2012, the Respondent replied to the OBA, but his correspondence attempted to justify specific incidents related to the discipline, rather than addressing the failure to respond. The following week, the Tenth Circuit issued its final order, suspending the Respondent for at least one year.

¶ 4 Following the OBA's filing with the Supreme Court, Respondent was given 10 days to show cause why he should not be disciplined. Under Rule 7.7(b) RGDP, the lawyer may submit a transcript of the evidence taken in the trial tribunal of the other jurisdiction to support his claim that the finding was not supported by evidence. The lawyer may also submit a brief and or any evidence tending to mitigate the severity of discipline. Respondent apparently saw this as an opportunity to argue the charges leveled in the other jurisdiction where he chose not to defend his actions. He filed many copies of documents related to the federal cases involved with the disciplinary proceedings.

■ ¶ 5 The Western District charges included allegations of witness intimidation, missing deadlines, and altering court documents. In December 2011, the Honorable Vicki Miles–LaGrange sanctioned Respon-

dent $1,000 for discovery abuse: failing to appear at deposition hearings, which is a violation of Oklahoma Rules of Professional Conduct (ORPC) Rules 1.3 and 8.4(d), and Rule 1.3, RGDP [1]. The following month, the Honorable Stephen Friot sent a complaint of professional misconduct regarding the Respondent to Judge Miles–LaGrange. The complaint included emails sent by the Respondent to witnesses in which he threatened to file lawsuits against them for fraud and breach of contract if they testified. These actions constitute violations of Rules 3.4(a), 3.4(f), and 8.4(d) OPRC, as well as Rule 1.3, RGDP [2]. Also in January 2012, the Honorable Lee West sent Judge Miles–LaGrange copies of orders in three separate cases handled by Respondent. Judge West described all three as demonstrating a pattern of missing deadlines and seeking reconsideration that is typical in the Respondent's cases. These actions constitute violations of OPRC Rules 1.1, 1.3, 3.2 [3], 8.4(d), and Rule 1.3, RGDP. The Honorable Tim Leonard also sent a memo to Judge Miles–LaGrange regarding the Respondent. Judge Leonard had sanctioned Respondent $20,000 for altering a Final Joint Pretrial Report and putting opposing counsel's electronic signature on it without his consent. These actions violated OPRC Rules 3.3, 3.4, 8.4(c), 8.4(d), and Rule 1.3, RGDP [4]. These charges and Respon-

---

1. Rule 1.3—"A lawyer shall act with reasonable diligence and promptness in representing a client."

   Rule 8.4(d) "It is professional misconduct for a lawyer to: engage in conduct that is prejudicial to the administration of justice;"
   Rule 1.3 (RGDP): "The commission by any lawyer of any act contrary to prescribed standards of conduct, whether in the course of his professional capacity, or otherwise, which act would reasonably be found to bring discredit upon the legal profession, shall be grounds for disciplinary action, whether or not the act is a felony or misdemeanor, or a crime at all. Conviction in a criminal proceeding is not a condition precedent to the imposition of discipline."

2. Rule 3.4(a) "A lawyer shall not: unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;"

   Rule 3.4(f) "A lawyer shall not: request a person other than a client to refrain from voluntarily

giving relevant information to another party unless:
   (1) the person is a relative or an employee or other agent of a client; and
   (2) the lawyer reasonably believes that the person's interests will not be adversely affected by refraining from giving such information."

3. Rule 1.1 "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness, and preparation reasonably necessary for the representation."

   Rule 3.2 "A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

4. Rule 3.3(a) "A lawyer shall not knowingly:
   (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;
   (2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of

dent's resignation led to his one-year federal suspension.

¶ 6 In Respondent's Response and Request for Leniency, filed with this Court October 15, 2012, he offers a recent diagnosis of attention deficit/hyperactivity disorder (ADHD) as a mitigating factor for his actions. He refers to this condition as a "disability" and cites a prescription for medication and participation in Lawyers Helping Lawyers as steps he has taken to manage the condition. Those factors prompted this Court to order a PRT hearing to determine if the matter should be treated as a Rule 10 proceeding.

¶ 7 An evidentiary hearing was held on January 31, 2013, and the PRT filed their report with this Court on February 26, 2013. The PRT recommended suspension of a minimum of one year.

¶ 8 In the course of testimony, the presiding master raised this question: does the Respondent's condition have an impact on honesty or integrity? (Tr. 94) The witness, Dr. Mary Sweet–Darter, director of the University of Central Oklahoma Learning and Behavior Center, replied that it would depend upon whether honesty and integrity are considered neurochemical events. (Tr. 94)

¶ 9 Evidence presented indicates the Respondent frequently acts on impulse, without weighing the consequences of his actions, likely influenced by the ADHD. However, this condition does not alleviate Respondent of personal responsibility.

¶ 10 Mr. Bednar has chosen to be an attorney. This profession demands a high level of honesty and integrity, so much so that it is among the first commitments made when attorneys take their oath.[5]

¶ 11 Respondent's actions indicate a disturbing pattern of behavior with a key element being a lack of forthrightness. Respondent does not find himself in his situation from missing deadlines, but rather, because of the actions he chose to remedy missing those deadlines.

¶ 12 The basis for disciplinary action in the federal court stemmed from a pattern of repeated neglect, some resulting in dismissal of clients' cases, attempted intimidation and intimidation of witnesses, unlawful obstruction of another party's access to evidence, requesting a person to not voluntarily provide relevant evidence to a party, intentionally filing misleading documents with the court and a continuous pattern of disregard of local rules.

the client and not disclosed by opposing counsel; or
(3) offer evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence that the lawyer reasonably believes is false.
(4) fail to disclose a fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client."
Rule 3.4 "A lawyer shall not:
(a) unlawfully obstruct another party's access to evidence or unlawfully alter, destroy or conceal a document or other material having potential evidentiary value. A lawyer shall not counsel or assist another person to do any such act;
(b) falsify evidence, counsel or assist a witness to testify falsely, or offer an inducement to a witness that is prohibited by law;
(c) knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists;

(d) in pretrial procedure, make a frivolous discovery request or fail to make reasonably diligent effort to comply with a legally proper discovery request by an opposing party;
(e) in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused;"
Rule 8.4 (c) "It is professional misconduct for a lawyer to:
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;"

5. "You do solemnly swear that you will support, protect and defend the constitution of the United States, and the constitution of the State of Oklahoma; that you will do no falsehood or consent that any be done in court, and if you know of any you will give knowledge thereof to the judges of the court, or some one of them, that it may be reformed...." 5 O.S.2011, ch. 1, 2

¶ 13 In his Response, Respondent admitted to substantially all the acts that gave rise to the disciplinary proceedings. He offered explanations, that he acted impulsively—a result of his ADHD. It does appear that he is taking steps to manage his symptoms. Hiring an "organized" assistant and implementing a system to timely manage cases is a laudable effort, but it does not address the overriding issue of Respondent's honesty.

¶ 14 Although Respondent testified he has experienced the symptoms of ADHD all of his life, he only sought help following his suspension in federal court. Furthermore, testimony revealed the Respondent does not have a typical doctor/patient relationship with the psychiatrist currently treating his condition. The psychiatrist has never billed Respondent for his services, does not maintain records of his treatment, and is not willing to prescribe additional medications to manage Respondent's condition. As illustrated by hearing testimony, Respondent continued to engage in questionable actions after being prescribed medication intended to reduce his impulsive behavior.

¶ 15 While it is possible that Respondent may suffer from an illness which makes it more difficult for him to manage himself, his affairs or the affairs of others, it does not remove from him the responsibility of acting with honesty and integrity.

## Conclusions of Law

¶ 16 This matter was commenced under Rule 7.7 of the RGDP, disciplinary action in other jurisdictions, as basis for discipline. The certified copy of the adjudication serves as *prima facie* evidence that the lawyer committed the acts of misconduct. *State ex rel. Oklahoma Bar Association v. Stewart*, 2003 OK 13, ¶ 4, 71 P.3d 1, 2.

## Discipline

¶ 17 In his Request for Leniency, Respondent suggested discipline of public censure, which might be appropriate if the only violation were failure to report federal discipline. In weighing the evidence, this Court must also consider the actions that precipitated the original discipline. These actions violated Rules 1.1, 1.3, 3.2, 3.3, 3.4(a)(f) and 8.4(c), (d) of the Oklahoma Rules of Professional Conduct (ORPC) and Rule 1.3 of the RGDP. Respondent's condition can be considered a mitigating factor regarding Rule 3.2. However, his violations of the other rules in themselves warrant a one-year suspension.

¶ 18 In *State ex rel. Oklahoma Bar Association v. Hummel*, 2004 OK 30, 89 P.3d 1105, an attorney was suspended for one year after misrepresenting facts to clients and the court, along with neglecting clients' cases. In *State ex rel. Oklahoma Bar Association v. Askins*, 1993 OK 78, 882 P.2d 1054, an attorney was suspended for two years for filing a document containing false statements with the court. In *State ex rel. Oklahoma Bar Association v. Peveto*, 1980 OK 182, 620 P.2d 392, this Court suspended an attorney for one year because he made false statements in court filings.

## Costs

¶ 19 The Complainant has filed application for costs in this matter in the amount of $2,662.78. The motion is granted; Respondent will pay costs within 90 days of the date this opinion is filed.

¶ 20 In addition, Respondent is required to follow the procedures for suspended attorneys outlined in Rule 9.1.[6] Within 20 days,

---

**6.** Rule 9.1 RGDP "When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is ad-

the Respondent is required to notify all clients via certified mail of his inability to represent them and the necessity for promptly retaining new counsel. He is also required to withdraw from all pending cases and file an affidavit with the both the Clerk of the Supreme Court and the Commission stating his compliance with Rule 9.1 and a list of clients notified.

RESPONDENT IS HEREBY SUSPEND-
ED FROM THE PRACTICE OF LAW
FOR ONE YEAR AND ORDERED TO
PAY COSTS

Concur: COLBERT, C.J., KAUGER, WATT, WINCHESTER, EDMONDSON, JJ.

COMBS, J., with whom REIF, V.C.J., TAYLOR and GURICH, JJ., Join, Dissenting.

I WOULD SUSPEND RESPONDENT FOR TWO YEARS AND ONE DAY.

mitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement." 5 O.S.2011, ch. 1, app. 1–A